Guy **VANDER JAGT**, et al., Plaintiffs,

v.

Thomas P. **O'NEILL**, Jr., et al., Defendants.

Civ. A. No. 81–1722.

United States District Court, District of Columbia.

Oct. 8, 1981.

**520**

Stanley M. Brand, Washington, D. C., for plaintiffs.

James F. Schoener, Washington, D. C., for defendants.

## MEMORANDUM

OBERDORFER, District Judge.

Thirteen Republican Members of the House of Representatives have sued the Speaker of the House of Representatives and several of the Democratic leaders essentially because the defendants have allegedly provided plaintiffs with fewer seats on certain House committees than they are legally entitled to, thereby diluting plaintiffs' constitutional rights as voters and as Members of Congress.

Defendants move to dismiss the complaint on jurisdictional and standing grounds. They contend that 28 U.S.C. § 1331 is the only arguable basis for jurisdiction. They urge that exercise of such jurisdiction by the Court would violate the Speech and Debate Clause, U.S. Const., art. I, § 6, cl. 1, involve the Court in a nonjusticiable political question textually committed to Congress, require the Court to attempt to make a decision for which there are no discernable standards, and derogate the deference owed by one coordinate branch of the federal government to another branch. In addition, defendants challenge plaintiffs' standing on the theory that they have suffered no actual injury and that there is no causal connection between their claimed injury and the actions allegedly taken by defendants.

Plaintiffs oppose the motion principally on the ground that their claim against defendants relates only to their role as officers and leaders of the Democratic Steering and Policy Committee. Therefore, plaintiffs contend, defendants' actions are unofficial and unprotected by the Speech and Debate Clause. Plaintiffs further claim that the question lacks essential characteristics of a nonjusticiable political one. Finally, plaintiffs urge that their injury is of a sort which is traditionally actionable, and that the alternative remedies within Congress are ephemeral and inadequate to correct the wrong they claim to have suffered.

■ Taking the principal issues in reverse order, the Court is satisfied that constitutional deprivations and the loss of vot-

ing power alleged would, all things being equal, give plaintiffs standing to bring this action. *Kennedy v. Sampson,* 167 U.S.App. D.C. 192, 511 F.2d 430 (1974). The prospect of a significant change in the division of House committee assignments effected by the House majority is sufficiently remote that the Court cannot assume that a legislative remedy is a viable alternative to judicial relief, justifying the Court to stand aside.

 The Court concludes, however, that the plaintiffs have not overcome the defendants' challenge to this Court's jurisdiction by virtue of both the Speech and Debate Clause and the corollary Separation of Powers doctrine. The Court is persuaded that actions taken by House Members belonging to one party pursuant to decisions made by them in a caucus of that party are actions performed within the "legitimate legislative sphere." *See Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975); *Doe v. McMillan,* 412 U.S. 306, 312–13, 93 S.Ct. 2018, 2024–25, 36 L.Ed.2d 912 (1973); *United States v. Brewster,* 408 U.S. 501, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972); *see also Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967). It is apparent from the face of the complaint and reasonable inferences therefrom that defendant Members determined in caucus somewhat unofficially how they, as a group of party members, would vote on the floor of the House with respect to the composition of the Committees of the House. This caucus action was in preparation for and in discharge of the official duty of the Members *qua* Members to elect standing committees. The rules of the House limit the committees so elected to nominees of the party caucus. H.R. Rule X, Cl. 6(a)(1), Rules of the House of Representatives, *reprinted in* Jefferson's Manual and Rules of the House of Representatives, H.R. Doc. No. 95–403, 95th Cong., 2d Sess. 384–85 (1979). Thus, the actions contested by the plaintiffs were in performance of legislative duties defined by the House's own rules, which rules specifically contemplate a nominating role for the caucus. Accordingly, the actions com-

plained of, even though they might affect plaintiffs' constitutional rights as voters and Members, are beyond the reach of this Court by virtue of the Speech and Debate Clause. *Cf. Powell v. McCormack,* 395 U.S. 486, 508, 89 S.Ct. 1944, 1957, 23 L.Ed.2d 491 (1969); *Kilbourn v. Thompson,* 103 U.S. 168, 26 L.Ed. 377 (1881).

▪ The actions of a caucus in the House are governed by the House Rules. Art. I, § 5, cl. 2 of the Constitution confers upon the House the power "to determine the Rules of its Proceedings." This textual commitment of the issue to the House would oust the Court's jurisdiction, even if such jurisdiction were not more explicitly foreclosed by the Speech and Debate Clause. *Baker v. Carr,* 369 U.S. 186, 217, 82 S.Ct. 691, 710, 7 L.Ed.2d 663 (1962); *see also Winpisinger v. Watson,* 202 U.S.App.D.C. 133, 628 F.2d 133 (1980).

The obvious defects in the Court's jurisdiction make redundant exploration of other issues raised. Accordingly, an accompanying order will dismiss the complaint on jurisdictional grounds.