**Anne W. WALKER, Plaintiff,**

v.

**Hon. Ed JONES, et al., Defendants.**

**Civ. A. No. 82–2723.**

United States District Court,
District of Columbia.

Feb. 15, 1983.

Harry Garber, David C. Venable, John L. Gilece, Venable, Garber & Gilece, Washington, D.C., for plaintiff.

Stanley M. Brand, Gen. Counsel to the Clerk, Steven R. Ross, Deputy Counsel to the Clerk, Michael L. Murray, Asst. Counsel to the Clerk, U.S. House of Representatives, Washington, D.C., for defendants.

### MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Anne M. Walker brings this action for declaratory and injunctive relief, reinstatement, and damages due to her alleged wrongful discharge from her job as general manager of the restaurant system of the United States House of Representatives. Defendants in this case are The Honorable Ed Jones, Chairman of the Subcommittee on Services of the Committee on House Administration; The Honorable Robert H. Mollohan and The Honorable James K. Coyne, members of the Subcommittee on Services; and Thomas D. Marshall, staff

director of the Subcommittee on Services. The action is before the Court on defendants' motion to dismiss.

The Subcommittee on Services of the Committee on House Administration (the Subcommittee), among other duties, is responsible for the administration of the House Restaurant System. This system provides food services for Members of the House of Representatives, their guests, and House employees. As part of its administration of the restaurant system, the Subcommittee is responsible for hiring and firing restaurant employees. Subsequent to May 26, 1982, the Subcommittee delegated full authority to hire and fire employees within the jurisdiction of the Subcommittee to Chairman Jones.

Anne Walker was employed as general manager of the House Restaurant System from approximately December, 1970, until June 30, 1982. Walker alleges that she was discharged because of her sex, in violation of the Fifth Amendment of the United States Constitution. She also alleges that Chairman Jones made untrue public statements indicating that she was fired because she was an inefficient manager and had been improperly "skimming" restaurant funds for her own use. The Complaint which began this action was filed on September 23, 1982.

Walker's Complaint contains five counts. The basis for relief asserted in each count is the alleged unlawful discharge of Walker from her job as general manager of the House Restaurant System. In their motion to dismiss, defendants argue, *inter alia,* that Chairman Jones' discharge of Walker from her job cannot be the basis for defendants' liability because the discharge was an action within the legislative sphere protected by the Speech and Debate Clause of the United States Constitution, Article I, § 6.

■ The Speech and Debate Clause states that "for any Speech or Debate in either House, [Members of Congress] shall not be questioned in any other Place." Article I, § 6, clause 1. As interpreted by the courts, the Speech and Debate Clause protects Members of Congress from being sued for their actions within the "legislative sphere." *See, e.g., United States v. Brewster,* 408 U.S. 501, 526, 92 S.Ct. 2531, 2544, 33 L.Ed.2d 507 (1972); *Gravel v. United States,* 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972). In addition, congressional staff members are immune from suit if their actions would be protected under the Speech and Debate Clause if performed by Congressmen. *See Gravel v. United States,* 408 U.S. at 616–617, 92 S.Ct. at 2622–2623. Walker's suit is based on Chairman Jones' action, pursuant to authority granted by the Subcommittee, discharging Walker from her job. If this action is within the legislative sphere, therefore, the case must be dismissed as to all defendants.

■ The Speech and Debate Clause is to be interpreted "broadly to effectuate its purposes." *Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 501, 95 S.Ct. 1813, 1820, 44 L.Ed.2d 324 (1975). Accordingly, courts have extended the protection of the clause beyond literal speech and debate and beyond actual lawmaking activity. Actions relating to the internal administration of Congress have been found to be protected legislative acts. For example, the seating of the press in the House and Senate galleries, *Consumers Union of the United States, Inc. v. Periodical Correspondents Association,* 515 F.2d 1341 (D.C.Cir.1975), *cert. den.* 423 U.S. 1051, 96 S.Ct. 780, 46 L.Ed.2d 640 (1976), and the committee assignments by party caucuses, *Vander Jagt. v. O'Neill,* 524 F.Supp. 519 (D.D.C.1981) *appeal pending,* No. 81–1722 (D.C.Cir. argued March 19, 1982), have been found to be legislative action protected by the Speech and Debate Clause. In addition, this District Court has previously held that the administration of a congressional restaurant "while it may not attain to the magnitude of some congressional duties, is clearly an activity which is within the 'legislative sphere'." *Parker v. Allen,* et al., No. 74–1846, slip op. at 9 (D.D.C. June 6, 1975).

■ The cases cited indicate that the actions of Congress in making "internal arrangements for its own necessities" are

within the "legislative sphere." *Id.* Accordingly, the Court finds that Chairman Jones' discharge of a House Restaurant employee, pursuant to authority granted by a congressional subcommittee, is an action within the "legislative sphere." Under the Speech and Debate Clause of the United States Constitution, therefore, the Chairman, Members and staff of the Subcommittee may not be held liable for Walker's discharge.

For these reasons, defendants' motion to dismiss is granted.