Robert L. BIRDSONG, Jr., Plaintiff,

v.

Edwin L. DIRCK, et al., Defendants.

No. 83–2929C(1).

United States District Court,
E.D. Missouri, E.D.

March 13, 1984.

Lloyd J. Jordan, Bussey & Jordan, St. Louis, Mo., for plaintiffs.

John Ashcroft, Atty. Gen., Jefferson City, Mo., Nancie D. Aulgur, Asst. Atty. Gen., for defendants.

## MEMORANDUM

NANGLE, Chief Judge.

This matter is before the Court on defendants' motion to dismiss. The asserted grounds for dismissal are that defendants are protected by the doctrine of legislative immunity, and that plaintiff is not protected by 42 U.S.C. § 2000e because he is not an employee within the meaning of 42 U.S.C. § 2000e(f). For the following reasons, this Court dismisses plaintiff's claims.

Plaintiff's claims arise from his attempts to obtain employment as a fiscal analyst with the Joint Committee on State Fiscal Affairs of the General Assembly of the State of Missouri. The defendants are the Joint Committee on State Fiscal Affairs (the Committee) and Edwin L. Dirck, its chairman. The Committee is composed entirely of Missouri state legislators, and defendant Dirck is himself a state senator. Plaintiff alleges that he was denied employment with the Committee because he is black. He claims relief under Title VII, 42 U.S.C. § 2000e; 42 U.S.C. § 1981; and 42 U.S.C. § 1983.

■ Defendants argue first that plaintiff's complaint should be dismissed because they are shielded by the doctrine of legislative immunity. Clearly, state legislators are absolutely immune from claims arising from actions in the sphere of legitimate legislative activities. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 403, 99 S.Ct. 1171, 1178, 59 L.Ed.2d 401 (1979); *Tenney v. Brandhove*, 341 U.S. 367, 376, 71 S.Ct. 783, 788, 95 L.Ed. 1019 (1951); *Gorman Towers, Inc. v. Bogoslavsky*, 626 F.2d 607, 611 (8th Cir.1980). Furthermore, actions relating to the internal administration of the legislative body or making internal arrangements for its own necessities are within the legislative sphere. *Walker v. Jones*, 557 F.Supp. 366, 367 (D.D.C.1983).

■ Plaintiff alleges that the fiscal analyst position which he applied for constitutes a staff position on the Committee. In *Eslinger v. Thomas*, 476 F.2d 225 (4th Cir. 1973), the court extended legislative immu-

nity to South Carolina state senators who refused to employ females as pages. Similarly, in *Walker v. Jones,* 557 F.Supp. at 367, the court found that discharging the general manager of the restaurant system of the United States House of Representatives was within the legislative sphere of congressional actions. The appointment of individuals to the fiscal analyst post in the Missouri Legislature is, therefore, one of defendants' legislative duties. Thus, defendants are cloaked with legislative immunity with respect to the activities complained of in plaintiff's complaint.

■ Plaintiff argues that legislative immunity extends to damage actions alone, and that his claims for equitable relief should remain. However, in *Supreme Court of Virginia v. Consumers Union of the United States, Inc.,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980), the Court specifically held that common law immunity of state legislators extends to both damage and equitable actions. *Id.* at 732–34. *See also Star Distributors, Ltd. v. Marino,* 613 F.2d 4 (2d Cir.1980). Consequently plaintiff's point is without merit.

Therefore, as plaintiff's claims relate to legislative activities performed by defendants, these claims are barred by the doctrine of legislative immunity. Plaintiff's complaint is thus dismissed. It is unnecessary for this Court to consider defendants' remaining point.