**Herbert L. KELLY, Plaintiff,**

v.

**The WESTINGHOUSE MATERIALS COMPANY OF OHIO, et al., Defendants.**

**Civ. No. C–1–88–0313.**

United States District Court, S.D. Ohio.

Feb. 24, 1989.

David Roloff, Cleveland, Ohio and John Wykoff, Cincinnati, Ohio, for plaintiff.

Mark Silbersack, Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon defendants' the Westinghouse Materials Company of Ohio, et al. motion for partial summary judgment to dismiss Count II of the First Amended Complaint (doc. no. 20). Memoranda in opposition to and in support thereof have been filed (doc. nos. 21, 22). For the reasons contained herein defendants' motion is DENIED.

In 1954, plaintiff began working for the National Lead Company of Ohio, located in Fernald, Ohio ("Fernald"), which was subsequently purchased by defendant Westinghouse. Plaintiff worked there until February of 1979 at which time he was laid off for a period of approximately four years. Plaintiff returned to work in April of 1983 and worked at Fernald until November 27, 1984, when he ceased working due to a disability. After plaintiff was carried on the payroll for two additional years, on or about November 27, 1986, defendant Westinghouse terminated plaintiff's employment.

The Collective Bargaining Agreement controlling at that time provided that during an individual's employment at Fernald certain benefits such as health and life insurance plans were available to employees. The Collective Bargaining Agreement further contained a provision that upon termination of an employee that individual had the right to purchase health and life insurance coverage at his own cost.

On December 29, 1986 Westinghouse sent plaintiff a letter dated December 4, 1986, notifying him of his right to obtain such coverage. The letter indicated that plaintiff had only until December 31, 1986, to apply for the continuation of the cover-

age. Plaintiff asserts that he did not receive the letter until January 3, 1987.

In response to that letter, sometime between January and February of 1987, plaintiff's attorney contacted a number of Company representatives by telephone and letter, including its attorney, John Greulich, for the purpose of securing the insurance coverage for plaintiff. When no solution was forthcoming, the instant action was filed.

Count II of the First Amended Complaint (doc. no. 19) asserts that defendants failed to provide timely notice of the option to continued coverage of the various types of insurance. It further alleges that this failure was a breach of the terms of the Collective Bargaining Agreement in violation of Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

The summary judgment procedure under Federal Rule of Civil Procedure 56 is designed to secure a just, speedy, and inexpensive determination of any action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). However, Rule 56(c) permits the Court to grant summary judgment as a matter of law *only* after the moving party has identified as the basis of its motion "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which demonstrate the absence of any genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553. The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (*quoting, First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14 (*citing Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 158, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970)). The function of the court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11 (*citing Cities Service,* 391 U.S. at 288–289, 88 S.Ct. at 1592–93). If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) or is not significantly probative, *Cities Service,* 391 U.S. at 290, 88 S.Ct. at 1593, judgment may be granted. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11.

It is defendants' position that despite the fact that plaintiff did not receive notice of his rights until after the grievance period expired, his failure to exhaust the grievance and arbitration procedure requires dismissal of Count II. Conversely, plaintiff asserts that neither the Collective Bargaining Agreement nor any applicable law requires plaintiff to exhaust the grievance procedures.

It is well settled that the exhaustion of contractual grievance and arbitration procedures is a prerequisite to a § 301 action by an employee against an employer for breach of a labor contract. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652–53, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Apponi v. Sunshine Biscuits, Inc.,* 809 F.2d 1210, 1216 (6th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 77, 98 L.Ed.2d 40 (1987).

However exceptions exist to the general prerequisite of exhaustion. In *Clayton v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, et al.,* 451 U.S. 679, 680, 101 S.Ct. 2088, 2090–91, 68 L.Ed.2d 538 (1981) it was held that an employee who bypasses established appeal procedures may be excused if the internal procedures are inadequate to effect the relief which is sought. This limiting exhaustion requirement of *Clayton* is a doctrine of

discretion which is reached by balancing the "policy that encourages private rather than judicial resolution of disputes arising over Collective Bargaining Agreements" against the desire to relieve employees from being "forced to exhaust themselves and their resources by submitting their claims to potentially lengthy internal union procedures that may not be adequate to redress their underlying grievances." *Id.* The Supreme Court struck this balance by ruling that the *courts have discretion to excuse failure to exhaust when one of "at least three factors" is shown to exist. Id.* (emphasis added). See also *Monroe v. International Union, UAW,* 723 F.2d 22 (6th Cir.1983).

■ The three factors which are relevant are: ... first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. *Id. Clayton,* supra. *Id.*

In opposition to defendant's motion, plaintiff has analogized his position with a line of cases that hold retirees do not have to exhaust their grievance and arbitration remedies. *Anderson v. Alpha Portland Industries, Inc.,* 752 F.2d 1293 (8th Cir. 1985), *cert. denied,* 471 U.S. 1102, 105 S.Ct. 2329, 85 L.Ed.2d 846 (1985); *United Electrical, Radio and Machine Workers of America v. Amcast Industrial Corp.,* 634 F.Supp. 1135 (S.D. Ohio 1986) (J. Rice). These cases place retirees who do not even have a 'workplace' in a different posture than "employees" who are able to raise their complaints with a foreman or plant manager. *Anderson,* 752 F.2d at 1292.

Plaintiff supports his position by asserting that he has been disabled for two years and during that time did not work at the facility. Furthermore, as of November 27, 1988, he was not considered an "employee" of the Company as defined by the terms of the grievance procedure under the Collective Bargaining Agreement requiring exhaustion.

■ Initially, this Court considers defendants' argument that plaintiff is required to exhaust the internal appeals procedure. Upon review of the exceptions to this doctrine under *Clayton,* this Court finds that plaintiff falls within the second exception that "the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award plaintiff the full relief he seeks." The record reflects that at no fault of the plaintiff, notification of the application period was not only delinquent but the period also expired before the plaintiff was able to apply for insurance coverage. Furthermore counsel for the plaintiff promptly attempted to resolve this dispute extra-judicially but was unsuccessful. Based upon defendants' conduct thus far, this Court is not willing to speculate on the manner in which plaintiff's grievance would be handled if it were filed with defendants at this time. This Court has also considered the third exception to "exhaustion" whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. Although this Court is unaware of plaintiff's alternative insurance coverage this Court is further not willing to subject the plaintiff to a prolonged period of being uninsured when the internal exhaustion procedure will simply delay a determination of plaintiff's entitlement to some type of coverage. Accordingly, this Court finds that plaintiff is not required to exhaust internal remedies as required by the Collective Bargaining Agreement.

Although it is clear plaintiff was terminated as an employee on November 27, 1986, and the Collective Bargaining Agreement expressly refers to employees, this Court need not address the merits of plaintiff's argument equating him with the standing of a retiree in light of its aforementioned holding.

In conclusion, defendants' the Westinghouse Material Company of Ohio, et al. motion for partial summary judgment to

dismiss Count II of the First Amended Complaint is hereby DENIED.

IT IS SO ORDERED.