DOMBROWSKI ET AL. *v.* EASTLAND ET AL.

No. 118.   Argued February 20, 1967.—Decided May 15, 1967.

*Arthur Kinoy* argued the cause for petitioners.   With him on the brief was *William M. Kunstler.*

*Roger Robb* argued the cause for respondents.   With him on the brief were *Solicitor General Marshall, Assistant Attorney General Sanders* and *David L. Rose.*

PER CURIAM.

The Court of Appeals for the District of Columbia Circuit sustained the order granting summary judgment

to the respondents who are, respectively, the Chairman and counsel of the Internal Security Subcommittee of the Judiciary Committee of the United States Senate. Petitioners' claim is essentially that respondents tortiously entered into and participated in a conspiracy and concert of action with Louisiana officials to seize property and records of petitioners by unlawful means in violation of petitioners' Fourth Amendment rights. The circumstances of the searches and arrests involved are set forth in *Dombrowski* v. *Pfister,* 380 U. S. 479 (1965), and in Judge Wisdom's dissenting opinion in the District Court in that case, 227 F. Supp. 556, 573 (D. C. E. D. La. 1964). Louisiana courts held the arrests and searches illegal because the warrants secured by the police had not been supported by a showing of probable cause. In a civil suit by these same petitioners against the Louisiana officials allegedly involved in the conspiracy, the Court of Appeals for the Fifth Circuit, reversing a summary judgment in favor of third-party defendants, held that plaintiffs had raised a genuine issue of material fact whether the Chairman "and the other members of the [State] Committee were 'acting in the sphere of *legitimate* legislative activity,' which would entitle them to immunity." *Pfister* v. *Arceneaux,* 376 F. 2d 821.

In the present case, the court below recognized "considerable difficulty" in reaching the conclusion that, on the basis of the affidavits of the parties, there were no disputed issues of fact with respect to petitioners' claim. It nevertheless upheld summary dismissal of the action on the ground that "the record before the District Court contained unchallenged facts of a nature and scope sufficient to give [respondents] an immunity against answerability in damages . . . ." In support of this conclusion the court addressed itself to only that part of petitioners' claims which related to the take-over of the records by

respondents *after* the "raids." As to this, it held that the subject matter of the seized records was within the jurisdiction of the Senate Subcommittee and that the issuance of subpoenas to the Louisiana committee to obtain the records held by it was validated by subsequent Subcommittee ratification. On this basis, the court held that the acts for which petitioners seek relief were privileged, citing *Tenney* v. *Brandhove,* 341 U. S. 367 (1951).

The court did not specifically comment upon petitioners' contention that the record shows a material dispute of fact as to their claim that respondent Sourwine actively collaborated with counsel to the Louisiana committee in making the plans for the allegedly illegal "raids" pursuant to the claimed authority of the Louisiana committee and on its behalf, in which petitioners claim that their property and records were seized in violation of their Fourth Amendment rights. In the absence of the factual refinement which can occur only as a result of trial, we need not and, indeed, could not express judgment as to the legal consequences of such collaboration, if it occurred.

There is controverted evidence in the record, such as the date appearing on certain documents which respondents' evidence disputes as a typographical error, which affords more than merely colorable substance to petitioners' assertions as to respondent Sourwine. We make no comment as to whether this evidence standing alone would be sufficient to support a verdict in petitioners' favor against respondent Sourwine, or would require a verdict in his favor. But we believe that, as against an employee of the committee, this showing is sufficient to entitle petitioners to go to trial. In respect of respondent Eastland, we agree with the lower courts that petitioners' complaint must be dismissed. The record does not contain evidence of his involvement in any activity that could result in liability. It is the purpose and office of

the doctrine of legislative immunity, having its roots as it does in the Speech or Debate Clause of the Constitution, *Kilbourn* v. *Thompson,* 103 U. S. 168, 204 (1881), that legislators engaged "in the sphere of legitimate legislative activity," *Tenney* v. *Brandhove, supra,* 341 U. S., at 376, should be protected not only from the consequences of litigation's results but also from the burden of defending themselves. This Court has held, however, that this doctrine is less absolute, although applicable, when applied to officers or employees of a legislative body, rather than to legislators themselves. As the Court said in *Tenney* v. *Brandhove, supra,* the doctrine, in respect of a legislator, "deserves greater respect than where an official acting on behalf of the legislature is sued . . . ." * (341 U. S., at 378.) Cf. *Wheeldin* v. *Wheeler,* 373 U. S. 647 (1963). In light of this principle, we are compelled to hold that there is a sufficient factual dispute with respect to respondent Sourwine to require reversal of the judgment below as to him.

Accordingly, we affirm the order of the Court of Appeals as to respondent Eastland and reverse and remand to the District Court as to respondent Sourwine for further proceedings in accordance with this opinion.

MR. JUSTICE BLACK took no part in the consideration or decision of this case.

---

*As the Court pointed out in *Tenney, supra* (per Frankfurter, J.), in *Kilbourn* v. *Thompson, supra,* this Court "allowed a judgment against the Sergeant-at-Arms, but found that one could not be entered against the defendant members of the House." 341 U. S., at 378.