**Judd GREGG, et al., Plaintiffs,**

v.

**William J. BARRETT, et al., Defendants.**

**Civ. A. No. 84–0204.**

United States District Court, District of Columbia.

May 30, 1984.

Steven R. Semler, Washington, D.C., Maxwell A. Miller, Denver, Colo., for plaintiffs.

Robert C. Seldon, Asst. U.S. Atty., Michael Davidson, Senate Legal Counsel, Steven R. Ross, Gen. Counsel to Clerk of the House of Representatives, Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

This is an action for declaratory judgment and injunctive relief. Plaintiffs are three Congressmen, three practicing lawyers, a law school librarian, and a second-year law student. Their complaint "demands that the court order the Government Printing Office, the Congressional Reporters, and the Joint Committee on Printing to stop printing a corrupt Congressional Record." Complaint, p. 2. Defendants, the Acting Public Printer, the heads of the Official Reporters of the House and Senate, and a Congressman and Senator who

are Chairman and Vice Chairman, respectively, of the Joint Committee on Printing, have all moved to dismiss. The issues presented have been fully briefed and argued. For reasons stated below the complaint must be dismissed.

The second and third clauses of Article I, Section 5 of the Constitution of the United States provide that "Each House may determine the Rules of its Proceedings," and that "Each House shall keep a Journal of its Proceedings, and from time to time publish the same." Since 1895 Congress has by statute committed itself to producing the *Congressional Record,* under the control of its Joint Committee on Printing, indicating that it "shall be substantially a verbatim report of proceedings." § 44 U.S.C. § 901. The Committee has issued rules which govern preparation of the *Record,* and each House also has applicable rules. Under the Rules of the Senate, for example, "Senators are permitted to make minor corrections in their remarks, but no substantive changes are allowed." Material no part of which was spoken on the floor is to be identified by a "bullet" symbol if inserted in the *Record.*[1] In the House, members are allowed to revise their remarks, but authorization by the House is required if those revisions "place a different aspect on the remarks of a colleague."[2]

Plaintiffs complain that the Committee has not successfully enforced these rules, and that some Congressmen engage in extensive editing of speeches delivered on the floor and wholesale insertion of new material, without any indication that these alterations in the record of floor proceedings has been made. These practices, plaintiffs contend, lead to significant distortion of the true record, confusion as to what actually took place on the floor of Congress, and to misimpressions concerning the actual views of individual congressmen. Although on the limited record before the Court such effects have not been demonstrated, for the purposes of the present motions these allegations must be accepted as true.

Defendants raise a number of grounds on which they argue that plaintiffs' complaint must be dismissed. They contend that plaintiffs lack standing, that the present suit is barred by the Speech or Debate Clause of the United States Constitution, that it presents a non-justiciable political question, and that in any event a grant of equitable relief would be inappropriate. Assuming without deciding that one or more plaintiffs have standing to bring the present action,[3] the Court concludes that by virtue of the Speech or Debate Clause it nevertheless lacks jurisdiction to entertain plaintiffs' claims.

The Speech or Debate Clause provides that "for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place." U.S. Const. art. I, § 6. The immunity provided by the Speech or Debate Clause is

---

1. Advisory Committee on Automation and Standardization of Congressional Publications, 98th Cong., 2d Sess., Current Procedures and Production Processes of the Congressional Record 1–2 (Joint Committee on Printing Committee Print 1978).

2. *Id.,* at 60–61.

3. Plaintiffs contend that they have standing to complain to this Court because the First Amendment guarantees them a right to receive the "substantially verbatim transcript" which they argue Congress has consistently indicated it desires to provide for full access by the public. Reliance is placed on First Amendment "right to receive" cases such as *Lamont v. Postmaster General,* 381 U.S. 301, 307, 85 S.Ct. 1493, 1496, 14 L.Ed.2d 398 (1965); *Stanley v. Georgia,* 394 U.S. 557, 564, 89 S.Ct. 1243, 1247, 22 L.Ed.2d 542 (1969); *Kleindienst v. Mandel,* 408 U.S. 753, 762–63, 92 S.Ct. 2576, 2581–82, 33 L.Ed.2d 683 (1972); *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.,* 425 U.S. 748, 757, 96 S.Ct. 1817, 1823, 48 L.Ed.2d 346 (1976); and *Board of Education, Island Trees Union Free School District No. 26 v. Pico,* 457 U.S. 853, 866–867, 102 S.Ct. 2799, 2807–2808, 73 L.Ed.2d 435 (1982) (Brennan, J.). Yet plaintiffs also point out that for at least the past one hundred years Congress has resisted efforts to ensure accuracy in reporting what events actually occurred on the floor of each House, which suggests that Congress may not indeed be a "willing sender" of a "substantially verbatim" *Record,* a prerequisite for plaintiffs to obtain standing under the cases cited.

intended "to protect the integrity of the legislative process," *United States v. Brewster*, 408 U.S. 501, 507, 92 S.Ct. 2531, 2535, 33 L.Ed.2d 507 (1972), and "[w]ithout exception, [Supreme Court] cases have read the Speech or Debate Clause broadly to effectuate its purposes." *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 501, 95 S.Ct. 1813, 1820, 44 L.Ed.2d 324 (1975). As recently as this month the Court of Appeals for this Circuit has reiterated that "the provision shields more than 'words spoken in debate.' It encompasses, beyond speeches on the floor of Congress, such activity integral to lawmaking as voting, *circulation of information to other Congress members*, and participation in committee investigations, proceedings, and reports." *Walker v. Jones*, 733 F.2d 923 at 929 (D.C.Cir.1984) [emphasis added; citations omitted].

The protection afforded to statements placed in the *Congressional Record* is thus not limited to words actually uttered on the floor of Congress. Although the Supreme Court has never specifically addressed whether material later inserted in the *Congressional Record* is protected by the Speech or Debate Clause, see *Hutchinson v. Proxmire*, 443 U.S. 111, 116 n. 3, 99 S.Ct. 2675, 2678 n. 3, 61 L.Ed.2d 411 (1979), this Court has so held in the past. *McGovern v. Martz*, 182 F.Supp. 343, 347 (D.D.C.1960). The Court here reaffirms this holding. As has also been recognized by other courts, "the Record's role in the intra-Congressional communicative process" includes transmission of such inserted material. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 529 (9th Cir.1983). *See also Straus v. Gilbert*, 293 F.Supp. 214, 216 (S.D.N.Y.1968).

> [T]he privilege also embraces material unspoken on the floor of the House but inserted in the Congressional Record by a Congressman with the consent of the House. It cannot be assumed that the complete interchange of ideas and information can be achieved solely from debate on the floor of the House; in point of fact, Congressmen often utilize the Congressional Record as their vehicle to impart, and their source of acquiring, necessary information. Keeping in mind the social policy underlying the privilege, it should—and so does—protect Congressmen for publication in the Congressional Record.
>
> *McGovern*, 182 F.Supp. at 347.

Plaintiffs argue, however, that the alterations complained of are not protected by the Speech or Debate Clause because they are not part of the "legislative process," alleging that in some instances changes are made after a measure has already been acted upon by Congress. Such an approach construes the Speech or Debate Clause much too narrowly. The Clause reaches those matters which are "an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation *or with respect to other matters which the Constitution places within the jurisdiction of either House*." *Gravel v. United States*, 408 U.S. 606, 625, 92 S.Ct. 2614, 2627, 33 L.Ed.2d 583 (1972) [emphasis added]. Despite plaintiffs' suggestion to the contrary, the immunity granted by the Speech or Debate Clause is not tied to the pendency of a particular piece of legislation before Congress, but applies to all subjects which might be of legitimate congressional concern. "The scope of Congressional inquiry is broad, though not unlimited. The Supreme Court has so far disapproved only abusive, persecutory inquisitions into purely private affairs." *Miller*, 709 F.2d at 529 [citations omitted].

Plaintiffs' complaint is not addressed to such improper "inquisitions"; rather, its broad sweep attempts to reach alleged alterations in the *Record* pertaining to topics of general public interest and legitimate congressional concern. By asking this Court to involve itself in determin-

ing when and how a congressman may and may not alter, delete, or add material to the *Congressional Record,* the complaint therefore addresses issues which by virtue of the Speech or Debate Clause are outside this Court's jurisdiction.[4]

The Speech or Debate Clause is intended to protect members of Congress "not only from the consequences of litigation's results but also from the burden of defending themselves." *Dombrowski v. Eastland,* 387 U.S. 82, 85, 87 S.Ct. 1425, 1427, 18 L.Ed.2d 577 (1967). A lawsuit such as the present one needlessly "creates a distraction and forces Members [of Congress] to divert their time, energy, and attention from their legislative tasks to defend the litigation." *Serviceman's Fund,* 421 U.S. at 503, 95 S.Ct. at 1821. Plaintiffs' remedy for their grievances lies not with the Court but with Congress itself. Congress is perfectly capable of enforcing against its members statutory and rule directives concerning how members' views on public issues are to be reported in the *Record.* The separation of powers, of which the Speech or Debate Clause is one guardian, dictates that this task is both the sole responsibility and privilege of Congress.

The motions to dismiss are each granted. An appropriate Order is filed herewith.

---

4. Under the present circumstances the Speech or Debate Clause also bars granting injunctive relief against the Acting Public Printer and the Reporters of each House. Where, as here, they perform "legislative functions, the performance of which would be immune conduct if done by congressmen, these officials enjoy the protection of the Speech or Debate Clause." *Doe v. McMillan,* 412 U.S. 306, 320, 93 S.Ct. 2018, 2028, 36 L.Ed.2d 912 (1973).