James J. WIMBERG, Plaintiff,

v.

**OHIO DEPOSIT GUARANTEE FUND,**
**et al., Defendants.**

Civ. No. C-1-88-397.

United States District Court,
S.D. Ohio.

July 21, 1989.

Leo Breslin, Michael Kohn, Cincinnati, Ohio, for plaintiff.

Joseph Brunetto, Columbus, Ohio, Roger Makley, Dayton, Ohio, for defendants.

**ORDER**

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon the motion of defendants Richard D. Hoffmann, John R. Perkins, Vernon W. McDaniel, Charles F. Tilbury, Sr., Jack R. Wingate, Eleanor J. Remke, Joseph D. Rusnak, August Hoffman, John A. Dreyer, Charles A. Brigham, and Harold R. Swope for summary judgment pursuant to Fed.R.Civ.P. 56 (doc. no. 30). These defendants move for summary judgment as to all claims alleged against them in the complaint: securities fraud which includes both primary, pursuant to Section 10(b) of the Securities Act of 1934, 15 U.S.C. § 78a, et seq. and Rule 10b–5, 17 C.F.R. 240.10b–5 (Count I), and secondary, as "controlling" persons pursuant to section 20(a) of the Act (Count II); a derivative RICO claim, pursuant to the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. 1961 et seq. (Count III); common law fraud (Count IV); and breach of fiduciary duty (Count V). Memoranda in opposition to and in support of such motion have been filed by the respective parties (doc. no. 34, 43). The Court observes that a stipulation of dismissal with prejudice was filed as to all claims in the complaint against defendants Richard D. Hoffmann and August Hoffman (doc. no. 36). Accordingly, the motion of defendants Richard D. Hoffmann and August Hoffman for summary judgment is dismissed as moot. For the reasons contained herein the remaining defendants' motion is hereby DENIED as to all Counts.

The relevant facts to this cause of action are in dispute. Plaintiff James J. Wimberg (Wimberg) was the President and Chief Executive Officer of Eagle Savings Association from 1970 until some time in early 1984. Wimberg subsequently pursued the possibility of purchasing all of the common stock of Woodward Savings & Loan Company of Cincinnati (Woodward). Woodward was an Ohio Savings and Loan insti-

tution which had its depositors' accounts insured by the Ohio Deposit Guarantee Fund (ODGF), a nonprofit tax-exempt private guarantee association. In mid-May 1984, Wimberg met with Mr. Donald R. Hunsche at the offices of ODGF in Cincinnati to obtain an application for Woodward's continued membership in ODGF. The substance of that meeting is disputed by both parties. On June 1, 1984, Wimberg signed a written contract to purchase all of the shares of Woodward from Joseph Sotak for $1.2 million. This transaction was finalized on July 26, 1984. In January of 1985, Woodward was merged into Intervalley Savings Association. Intervalley's name was later changed to Valleywood.

In 1985 a series of events occurred resulting in the collapse of Home State Savings Association which had a profound effect upon the ODGF. Virtually all of the monies held in the ODGF were paid to compensate losses for the Home State depositors. As a result of this depletion, all ODGF institutions were ordered closed by the Governor of the State of Ohio. These institutions were then required to obtain federal deposit insurance before reopening. Valleywood was unable to obtain such coverage and was finally liquidated in the fall of 1986. Plaintiff has alleged losses as a result for which recovery is sought in this cause of action.

The summary judgment procedure under Federal Rule of Civil Procedure 56 is designed to secure a just, speedy, and inexpensive determination of any action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). However, Rule 56(c) permits the Court to grant summary judgment as a matter of law *only* after the moving party has identified as the basis of its motion "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which demonstrate the absence of any genuine issue of material fact. *Id* at 323, 106 S.Ct. at 2552. The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue

for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (*quoting, First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513 (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970)). The function of the court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510 (*citing Cities Service*, 391 U.S. at 288–289, 88 S.Ct. at 1592–1593). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) or is not significantly probative, *Cities Service*, 391 U.S. at 290, 88 S.Ct. at 1593, judgment may be granted. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

## I.

In support of their motion defendants assert that they are entitled to summary judgment on the claims for violations of Section 10(b) and Rule 10b–5 for two reasons. First, these defendants assert that they cannot be charged with fraud in connection with the sale of securities on the basis of acts or omissions which occurred after the purchase of Woodward on June 1, 1984. Second, defendants argue that there was no relationship which existed between the plaintiff and the defendant board members which could give rise to any alleged duty to disclose.

Section 10(b) of the Securities Exchange Act of 1934 provides in part as follows:

It shall be unlawful for any person, directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails ...

(b) To use or employ, in connection with the purchase ... of any securities any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the commission may prescribe ...

Rule 10(b)–5 of the Securities Exchange Commission provides that:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality or interstate commerce, ... (1) to employ any device, scheme or artifice to defraud, (2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading, or (3) to engage in an act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Defendants' first argument is that standing should not be afforded to the plaintiff for these claims since the purchase of Woodward occurred before the alleged fraudulent conduct occurred. In addressing defendants' first argument the Court observes the holding in *Mansbach v. Prescott, Ball and Turben,* 598 F.2d 1017 (6th Cir.1979) which determined that § 10(b) and Rule 10b–5 should be liberally construed to effectuate the policies of the Act. Defendants have attempted to misconstrue the assertions of the plaintiff in this cause of action. Plaintiff has alleged material misstatements and omissions of material fact concerning the financial status of ODGF and of Home State prior to the purchase of Woodward. More specifically at issue is the substance of the conversation between Wimberg and Hunsche during their meeting in mid May of 1984. It is clear to the Court as well as to the parties that what occurred during that conversation is in dispute. There can be no doubt that the alleged fraudulent conduct in connection with the purchase of Woodward may have occurred prior to the purchase of Woodward. Therefore, the Court finds defendants' argument unpersuasive as a genuine issue of material fact may indeed exist.

Plaintiff's assertion is further intertwined with defendants' second argument that there was no relationship between these parties giving rise to a duty to disclose. In *Chiarella v. United States,* 445 U.S. 222, 230, 100 S.Ct. 1108, 1115, 63 L.Ed.2d 348 (1980) the Supreme Court stated that silence in connection with the purchase or sale of securities may operate as fraud actionable under § 10(b). However, the duty to disclose under § 10(b) does not arise from the mere possession of nonpublic market information. *Dirks v. S.E.C.,* 463 U.S. 646, 654, 103 S.Ct. 3255, 3261, 77 L.Ed.2d 911 (1982). Rather liability premised upon a duty to disclose arises when one party has information "that the other party is entitled to know because of a fiduciary or other similar relation of trust and confidence between them." *Chiarella,* 445 U.S. at 230, 100 S.Ct. at 1115; *Dirks,* 463 U.S. at 654, 103 S.Ct. at 3261.

The United States Court of Appeals for the Sixth Circuit has further held that although Rule 10b–5 imposes an affirmative obligation to disclose all material information regardless of whether there has been any other statements, the established view is that a "duty to speak" must exist before the disclosure of material fact is required under Rule 10b–5. *Basic v. Levinson,* 485 U.S. 224, 108 S.Ct. 978, 987 n. 17, 99 L.Ed.2d 194 (1988); *Starkman v. Marathon Oil Co.,* 772 F.2d 231, 238 (6th Cir. 1985), *cert. denied,* 475 U.S. 1015, 106 S.Ct. 1195, 89 L.Ed.2d 310 (1986). See also *Flynn v. Bass Brothers Enterprises, Inc.,* 744 F.2d 978, 984 (3d Cir.1984) *citing Chiarella v. United States,* 445 U.S. 222, 235, 100 S.Ct. 1108, 1118, 63 L.Ed.2d 348 (1980); *Staffin v. Greenberg,* 672 F.2d 1196, 1202 (3d Cir.1982). Provided that such a duty to speak exists, a further limitation on the duty to disclose is imposed by the requirement that only misstatements of *material* facts and omissions of *material* facts necessary to make other required statements not misleading are prohibited by Rule 10b–5. *Starkman, supra.*

■ Among defendants' arguments on this issue are that none of the defendant board members learned that plaintiff was considering the purchase of Woodward until after the Stock Purchase Agreement was executed on June 1, 1984. They further contend that no fiduciary relationship existed which imposed such a duty to disclose. Again the Court rejects these arguments by defendants. As previously mentioned, the substance of the discussion between Wimberg and Hunsche in May of 1984 is in dispute. This creates a genuine issue of material fact as to defendants' arguments.

Plaintiffs have further argued that Hunsche and the other defendant board members possessed information from examination reports from the Ohio Division of Savings and Loans that imposed upon them a duty to disclose. Although defendants assert that this information was confidential the more appropriate inquiry is in regard to its materiality.

In *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449, 96 S.Ct. 2126, 2132, 48 L.Ed.2d 757 (1976) the Supreme Court formulated a general standard of "materiality" under the securities laws concluding that in the proxy solicitation context:

an omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote. It does not require proof of a substantial likelihood that disclosure of the omitted fact would have caused the reasonable investor to change his vote. What the standard does contemplate is a showing of a substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of the reasonable shareholder. Put another way, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available. *Northway*, at 449, 96 S.Ct. at 2132. See also *Radol v. Thomas*, 772 F.2d 244, 253 (6th Cir.1985).

In *Basic, Inc. v. Levinson*, 485 U.S. 224, 108 S.Ct. 978, 983, 99 L.Ed.2d 194 (1988) the Supreme Court expressly adopted the *TSC Industries* standard of materiality for § 10(b) and Rule 10b–5.

The Northway Court had also discussed materiality in the context of summary judgment stating that:

The issue of materiality may be characterized as a mixed question of law and fact, involving as it does the application of a legal standard to a particular set of facts. In considering whether summary judgment on the issue is appropriate, we must bear in mind that the underlying objective facts, which will often be free from dispute, are merely the starting point for the ultimate determination of materiality. The determination requires delicate assessments of the inferences a 'reasonable shareholder' would draw from a given set of facts and the significance of those inferences to him, and these assessments are peculiarly ones for the trier of fact. Only if the established omissions are "so obviously important to an investor, that reasonable minds cannot differ on the question of materiality" is the ultimate issue of materiality appropriately resolved "as a matter of law" by summary judgment. (Footnotes omitted). *Id.* at 450, 96 S.Ct. at 2133.

Accordingly this Court finds that a genuine issue of material fact exists as to whether the alleged nondisclosed information was material. The record does not indicate whether the information contained in the examination reports from the Ohio Division of Savings and Loans is so obviously important to an investor that reasonable minds could not differ on the question of its materiality.

II.

Count II of the complaint asserts that defendants are secondarily liable for the alleged securities fraud as controlling persons under Section 20(a) of the 1934 Act. Section 20 provides in part as follows:

(a) Every person who ... controls any person liable under any provision of this Title or of any rule or regulation thereunder shall also be liable jointly and sev-

erally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

Defendants assert that there is no evidence in the record that these defendants are controlling persons. The Court recognizes that this claim must fall if the nonmovant defendants are found not to have violated the securities fraud provisions of § 10(b) and Rule 10b–5. However, the Court rejects defendants' argument since plaintiff has sustained his burden by asserting that "the Board received priority information because they were in essence controlling the organization." Such a statement lends support that a genuine issue of material fact exists as to the moving defendants.

### III.

Count III of the complaint asserts violations of RICO which defendants contend should be dismissed if the underlying securities fraud violations are dismissed. In accordance with the foregoing rulings that the securities claims are not dismissed the Court finds defendants' argument not well taken.

### IV.

Finally it is the position of the defendant board members that no fiduciary relationship existed nor did a duty to disclose which can sustain plaintiffs' common law claims for fraud and breach of fiduciary duty. In accordance with the foregoing rulings, this Court finds a genuine issue of material fact exists as to the discussion between Wimberg and Hunsche as well as the information contained in the examination reports from the Ohio Division of Savings & Loans. Summary judgment is therefore inappropriate as to these Counts.

In conclusion, the motion of defendants Richard D. Hoffmann and August Hoffman for summary judgment is dismissed as moot. The motion of defendants John R. Perkins, Vernon W. McDaniel, Charles F.

Tilbury, Sr., Jack R. Wingate, Eleanor J. Remke, Joseph D. Rusnak, John A. Dreyer, Charles A. Brigham, and Harold R. Swope for Summary Judgment is hereby DENIED as to all counts.

IT IS SO ORDERED.