**Joseph T. SMALL, et al., Plaintiffs,**

v.

**DEPARTMENT OF LABOR, Defendants.**

No. C–1–91–818.

United States District Court, S.D. Ohio, W.D.

July 9, 1992.

Joseph Small, pro se.

Elizabeth Mattingly, Cincinnati, Ohio, for defendants.

ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon a motion for summary judgment filed by defendant Lynn Martin, Secretary of Labor (Doc. no. 14). Plaintiffs Joseph Small and Don Hurst, appearing *pro se*, oppose the motion. For the reasons stated below, defendant's motion is hereby GRANTED.

## Procedural History

Plaintiffs are members of the International Brotherhood of Electrical Workers (IBEW) Local 212. In late 1983 and early 1984, plaintiffs brought charges against William Rothert, Business Manager of Local 212, for the purpose of removing him from office. The charges were that (1) Rothert had implemented a Market Recovery Agreement, whereby members of the local were sent to certain jobs at a lower wage scale than that provided in the union collective bargaining agreement, without authorization from the local IBEW membership, and (2) Rothert had mismanaged the local referral system in that members were referred to jobs without consideration of their place on the referral list.

In January 1985, plaintiffs filed an application with the Department of Labor pursuant to § 401(h) of the Labor–Management Reporting and Disclosure Act (29 U.S.C. § 481(h)) and 29 C.F.R. § 417.3(a) claiming that Local 212 did not have an adequate procedure for the removal of officers guilty of serious misconduct. The Department of Labor investigated plaintiffs' complaint and conducted unsuccessful negotiations with the IBEW in an attempt to have the union change its procedure for removing local officers. Thereafter, on November 6 and 7, 1986, Administrative Law Judge Richard Mills conducted an administrative hearing concerning (1) the applicability of § 401(h) of the LMRDA to Local 212, and (2) whether the Constitution and bylaws of Local 212 provide an adequate procedure for removing an elected union officer guilty of serious misconduct. On March 3, 1988, the ALJ issued a recommended decision in which he found that Rothert's acts did not constitute serious misconduct, thereby obviating the need to address the issue of adequate removal procedures.

On May 20, 1988, the Director of the Office of Elections, Trusteeship and International Union Audits of the Department of Labor filed exceptions to the ALJ's decision with the Assistant Secretary for Labor–Management Standards. On April 27, 1990, the Assistant Secretary issued an opinion reversing the ALJ's recommended decision. The Assistant Secretary determined that (1) the charge stemming from implementation of the Market Recovery Agreement constituted serious misconduct and there was a factual basis for the charge, and (2) the IBEW procedure for removing officers guilty of serious misconduct was inadequate under 29 C.F.R. § 417.2(b).

Plaintiffs subsequently exhausted their internal union remedies. They submitted bylaw and constitutional amendments to both Local 212 and IBEW in an attempt to change the officer removal procedure. However, the union rejected the amendments.

On September 7, 1990, plaintiffs filed a complaint with the Secretary of Labor pursuant to 29 U.S.C. § 482(a). Plaintiffs claimed that the IBEW's refusal to amend its constitution and bylaws constituted a violation of § 401(h) and (i) of the LMRDA (29 U.S.C. § 481(h) and (i)). Plaintiffs submitted an amendment to their complaint claiming that the IBEW had violated § 404 of the LMRDA, which provides the effective date of Title IV of the LMRDA.

Local 212 subsequently held a regularly scheduled election of local officers. Rothert did not run for office and no longer holds a union office.

In November 1990, the Secretary of Labor issued a decision not to file suit against the union in district court. The Secretary reasoned that the district court was restricted to directing the conduct of an election or hearing and a vote upon removal of officers under the supervision of the Secretary and could not require the union to change its constitution and bylaws. The Secretary determined that no purpose would be served by pursuing further legal action since Rothert was no longer a union officer.

Plaintiffs contend that the Secretary's decision is irrational, arbitrary and capricious. Plaintiffs claim that the Department of Labor decision permits the IBEW to retain an inadequate removal procedure in the IBEW constitution and fails to provide a remedy for the union's violation of

the LMRDA. Plaintiffs further contend that the decision constitutes a reversal of the Department of Labor's previous long-standing positions on the issues presented by plaintiffs.

### Summary Judgment Standard

The summary judgment procedure under Fed.R.Civ.Pro. 56 is designed to secure a just, speedy, and inexpensive determination of any action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). However, Rule 56(c) permits the Court to grant summary judgment as a matter of law *only* after the moving party has identified as the basis of its motion "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which demonstrate the absence of any genuine issue of material fact. *Id* at 323, 106 S.Ct. at 2552. The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255, 106 S.Ct. at 2513 (*citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970)). The function of the court is not to weigh the evidence and ascertain the truth of the matter but to determine whether there is a genuine issue for trial. *Id.* at 249, 106 S.Ct. at 2510. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* (*citing Cities Service,* 391 U.S. at 288–289, 88 S.Ct. at 1592–93)). If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) or is not significantly probative, *Cities Service,* 391 U.S. at 290, 88 S.Ct. at 1593, judgment may not be granted.

*Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510.

### Opinion

Title 29 U.S.C. § 481 governs the terms of office and election procedures for officers of national or international labor organizations. Section 481(h) provides as follows:

> If the Secretary, upon application of any member of a local labor organization, finds after hearing in accordance with subchapter II of chapter 5 of Title 5 that the constitution and bylaws of such labor organization do not provide an adequate procedure for the removal of an elected officer guilty of serious misconduct, such officer may be removed, for cause shown and after notice and hearing, by the members in good standing voting in a secret ballot conducted by the officers of such labor organization in accordance with its constitution and bylaws insofar as they are not inconsistent with the provisions of this subchapter.

Subsection (i) states that,

> The Secretary shall promulgate rules and regulations prescribing minimum standards and procedures for determining the adequacy of the removal procedures to which reference is made in subsection (h) of this section.

Section 482 authorizes a member of a labor organization who has exhausted his available remedies to file a complaint with the Secretary alleging a violation of § 481. The Secretary is required to investigate the complaint. If the Secretary finds probable cause to believe that a violation has occurred, § 482(b) mandates that,

> ... he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization ... to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Secretary and in accordance with the provisions of this subchapter and such rules and regulations as the Secretary may prescribe.

If the trial court finds that the violation of § 481 may have affected the outcome of the election, it shall declare the election void and order a new election to be conducted under the supervision of the Secretary. 29 U.S.C. § 482(c).

█ A decision by the Secretary not to sue is subject to judicial review. *Dunlop v. Bachowski,* 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975). The scope of review is whether the Secretary's decision is so irrational as to be arbitrary and capricious. *Id.* at 572–73, 95 S.Ct. at 1860–61. The reviewing court may not substitute its judgment for that of the Secretary. *Id.* at 572, 95 S.Ct. at 1860. Except in a rare case, the reviewing court should restrict its review to an examination of the Secretary's statement of reasons. *Id.* at 572–73, 95 S.Ct. at 1860–61. A case requiring further inquiry might arise "... if the Secretary were to declare that he no longer would enforce Title IV, or otherwise completely abrogate his enforcement responsibilities ... [or] if the Secretary prosecuted complaints in a constitutionally discriminatory manner ...", or if the Secretary's decision was "plainly beyond the bounds of the Act [or] clearly defiant of the Act." *Id.* at 574, 95 S.Ct. at 1861.

█ In reaching her conclusion that no purpose would be served by pursuing further legal action in this case since the district court would be limited to ordering a hearing and vote on the removal of an individual no longer in office, the Secretary relied on § 401(h) of the LMRDA, 29 C.F.R. § 417.1 and 417.17, and the legislative history of the LMRDA. The Secretary determined from her reading of the applicable statutes and regulations that the only remedy available to the federal district court in this matter would be to order a hearing and a vote on the removal of Rothert. She found no authorization in the statutes and regulations for the court to order the union to change its inadequate removal procedures. The Secretary determined that her findings were consistent with the legislative history of the LMRDA, which reveals that the three basic principles underlying enactment of the LMRDA are: (1) the

government should minimize interference with union affairs; (2) the government should enact only minimum democratic safeguards; and (3) remedies under the LMRDA should be direct. The Secretary stated that, "A court-ordered hearing and vote is a direct remedy enforcing minimum democratic safeguards which minimizes governmental interference with the union". However, she concluded that because a hearing and vote on the removal of an officer who no longer holds office would be superfluous, further action in this case was not warranted.

Plaintiffs urge a different interpretation of the governing statutes and regulations than that adopted by the Secretary. They claim that § 481 does not restrict the court to ordering a hearing and vote but makes two provisions. First, it requires a union to provide for adequate removal procedures in its constitution and bylaws. Second, it authorizes a court-ordered removal hearing and vote, if necessary. Plaintiffs claim that the dual provisions of § 481(h) permit the court to direct a union to adopt adequate removal procedures. Plaintiffs contend that if Sec. 481(h) is read so as not to permit this latter remedy, then subsection (i), which requires the Secretary to promulgate minimum standards and procedures for determining the adequacy of removal procedures, is meaningless. Finally, plaintiffs submit that the Secretary's decision undermines rather than serves the intended purposes of the LMRDA for the following reasons: (1) the decision fosters excessive government involvement in union affairs because it requires a union member to file a complaint of serious misconduct by a union officer with the Department of Labor rather than with the union since the union does not provide an adequate removal procedure; (2) the decision denies a union the right to self-government because it disallows the union to determine what constitutes serious misconduct and relegates the union to using the Secretary's prescribed procedures rather than union procedures to remove an officer; and (3) the decision fails to provide a direct remedy since a union member must pursue administrative procedures to remove an officer in light of the

absence of an adequate remedy provided by the union for removal. Plaintiffs submit that the direct remedy would be to require the union to adopt adequate removal procedures so that a union member need not pursue administrative channels in an attempt to remove an officer.

Upon consideration of the Secretary's statement of reasons, the court finds that the Secretary's decision is not so irrational as to be arbitrary and capricious. The only remedy which § 481 expressly authorizes in a case where a union's constitution and bylaws do not provide an adequate procedure for the removal of an officer guilty of serious misconduct is removal of the officer for cause shown by a vote of union members in good standing. The sole relief the Secretary is authorized to seek under § 482 is a court order setting aside an invalid election and directing the conduct of an election under the supervision of the Secretary for the removal of officers. Neither these statutes nor the regulations interpreting them, by their terms, authorize the Secretary to seek a court order requiring a union to change its bylaws and constitution. Thus, there is support in the statutes and regulations themselves for the Secretary's conclusion that the governing provisions do not permit the relief plaintiffs seek. There is also support in the legislative history for the Secretary's conclusion. One may rationally conclude that a court order requiring a union to amend its bylaws and constitution would engender more intrusion into internal union affairs than would the Secretary's supervising a court-ordered election to remove a union officer.

To conclude, the court finds the Secretary's decision is supported by her reasoning and is not arbitrary and capricious. Accordingly, summary judgment in defendant's favor is warranted.

It is therefore ORDERED that defendant's motion for summary judgment is hereby GRANTED.

IT IS SO ORDERED.