**Robert E. BRIZENDINE, Trustee, on Behalf of the Bankruptcy Estates of BROWN TRUCKLOAD, INC., Brown Transport Corp., and Thurston Motor Lines, Inc., Plaintiff,**

v.

**The KROGER CO., Defendant.**

No. C–1–91–750.

United States District Court, S.D. Ohio, W.D.

March 19, 1993.

---

David Stocker, Cincinnati, OH, for plaintiff.

William Mulvey, Cincinnati, OH, for defendant.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon cross-motions for summary judgment filed by plaintiff Robert E. Brizendine, Trustee (Doc. no. 7) and defendant The Kroger Co. (Kroger) (Doc. no. 10), defendant's motion to dismiss (Doc. no. 13), and plaintiff's motion for a stay (Doc. no. 23). For the reasons stated below, summary judgment is granted in favor of defendant.

## Factual Background

This lawsuit arises out of transportation services the debtors performed for defendant. The services were subject to the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, et seq. and regulations promulgated by the Interstate Commerce Commission (ICC), 49 C.F.R. § 100.1, et seq. The debtors contend that they were operating as a common carrier trucking company at all relevant times.[1]

The debtors submitted freight bills to defendant for the shipment of various goods that occurred between September 22, 1987 through December 27, 1988. Defendant paid the amounts specified in the bills. Subsequently, corrected freight bills were submitted to defendant. The rates charged in the corrected bills were based on ICC BTTY 252. This tariff refers to a separate tariff, the Household Goods Carriers' Bureau Mileage Guide (ICC HGB 100–B and ICC HGB 100–C). It is undisputed that there was no effective power of attorney to permit the debtors' participation in the HGB Mileage Guide during the period in issue and that the debtors were not a party to the tariff until October 18, 1989.

Plaintiff seeks to recover alleged undercharges from defendant in the amount of $2,903.07, the difference between the collected rates and the filed rates. Defendant claims that the tariff upon which plaintiff seeks to rely is void as a matter of law and cannot form the basis for plaintiff's undercharge claim. Defendant further claims that plaintiff is collaterally estopped from litigating the validity of the tariff.

## Motion for Stay

▪ Plaintiff has moved for a stay of this matter pending disposition of cases involving identical issues which are on appeal in this and other circuits. The issues underlying resolution of this case have been litigated repeatedly in many district and circuit courts. The courts have consistently held that a tariff which refers to a separate tariff in which the carrier is not a participant is void as a matter of law. The fact that some of these cases have been appealed does not warrant delaying resolution of this matter. Furthermore, the United States Supreme Court has denied certiorari in one such case, *Freightcor Services, Inc. v. Vitro Packaging, Inc.,* —— U.S. ——, 113 S.Ct. 979, 122 L.Ed.2d 133 (1993). Accordingly, a stay will not be granted.

## Summary Judgment Standard

▪ The summary judgment procedure under Fed.R.Civ.Pro. 56 is designed to secure a just, speedy, and inexpensive determination of any action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). However, Rule 56(c) permits the Court to grant summary judgment as a matter of law *only* after the moving party has identified as the basis of its motion "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which demonstrate the absence of any genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553. The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The function of the court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Id.* at 249, 106 S.Ct. at 2510–11. If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) or is not significantly probative, *Cities Service,* 391 U.S. at 290, 88 S.Ct. at 1593, judgment may not be granted. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11.

---

1. Defendant has raised as an affirmative defense that the debtors made some of the shipments in issue pursuant to their authority as a contract carrier and that the common carrier tariff in issue therefore did not apply to such shipments.

Defendant has not presented this issue in its summary judgment motion. Accordingly, the court will accept plaintiff's contention that the debtors were operating as a common carrier at all relevant times.

## Applicable Law

■ The Interstate Commerce Act requires that common carriers publish and file with the ICC tariffs containing rates and rules and practices related to those rates. 49 U.S.C. § 10762(a)(1). This requirement is known as the "filed rate" doctrine. Section 10761(a) prohibits a common carrier from charging or receiving for transportation services a rate other than that specified in the tariff. The carrier must abide by a duly filed tariff unless the ICC finds the tariff rate to be unreasonable. *Maislin Industries, U.S., Inc. v. Primary Steel, Inc.*, 497 U.S. 116, 126–27, 110 S.Ct. 2759, 2766, 111 L.Ed.2d 94 (1990).

■ A mileage rate tariff has two parts: (1) the rate per mile, and (2) the distance between the origin and destination to be multiplied by the rate per mile. 49 C.F.R. § 1312.30. Section 1312.30(c) sets forth three alternative methods by which to establish distances, including referral to a separately-filed distance guide tariff. A carrier who participates in a tariff which refers to and is governed by a separate tariff is required to also participate in the separate governing tariff. 49 C.F.R. § 1312.27(e). A carrier may not participate in a tariff issued in the name of another carrier or an agent unless a power of attorney or concurrences have been executed. 49 C.F.R. § 1312.4(d), § 1312.10(b). Absent effective concurrences or powers of attorney, a tariff which refers to a separate tariff is void as a matter of law. Section 1312.4(d).

## Claims of the Parties

Plaintiff claims that pursuant to the filed rate doctrine, it is entitled to collect the rates listed in ICC BTTY 252 for shipments made for defendant. Defendant claims that the tariff is void as a matter of law and cannot form the basis for the undercharge claim because plaintiff failed to participate in the HGB tariff to which the BTTY tariff refers. Defendant further claims that plaintiff is collaterally estopped from litigating the validity of the BTTY tariff because it has previously litigated this issue and the tariff has been held to be void as a matter of law.

In response, plaintiff contends that it is not collaterally estopped from litigating the validity of the BTTY tariff because the decisions rendered against it in prior cases have been appealed and remain pending. Plaintiff also contends that it is entitled to collect the undercharges on the following grounds: (1) 49 C.F.R. § 1312.4(d) cannot be applied retroactively to reject effective tariffs; (2) it was unnecessary for plaintiff to participate in the Household Goods Carriers' Bureau distance guides in order for its mileage rates to be effective; (3) the voiding provision of § 1312.4(d) exceeds the ICC's statutory authority to promulgate tariff regulations under 49 U.S.C. § 10762(b); (4) assuming plaintiff did not comply with ICC regulations governing the use of distance rates, the filed rates cannot be voided merely because of an irregularity in the filing requirement; (5) defendant is estopped from arguing that the BTTY tariff is invalid because ICC HGB 100 is adequate to give notice of the applicable miles, and if reference to the HGB tariff makes the BTTY tariff void, the term "miles" becomes ambiguous and the shipper is entitled to any reasonable determination of miles; and (6) the BTTY tariff can be given legal effect since the mileages involved in the shipments made for defendant are finite distances.

## Opinion
### The BTTY Tariff is Void

Plaintiff has litigated the validity of ICC BTTY 252 in numerous other lawsuits. However, plaintiff alleges that a final judgment has not been issued against it in any of these cases because the judgments issued by the district courts have been appealed. Accordingly, the court will decide this case on the merits of plaintiff's claim.

■ In order to prevail under the filed rate doctrine, plaintiff must prove that the relied upon tariffs exist, that the tariffs were valid, and that the tariffs applied to the shipments in issue. *Security Services, Inc. v. Ed Swierkos Enterprises, Inc.*, Case No. C2–91–942 (S.D.Ohio Feb. 10, 1993) (Beckwith, J.) (*citing Carrier Traffic Service, Inc. v. Toastmaster, Inc.*, 707 F.Supp. 1498 (D.Ill. 1988). Plaintiff has failed to establish that

the tariff upon which it seeks to rely was valid. It is undisputed that the debtors did not participate in the HGB tariff as required by 49 C.F.R. § 1312.27(e). The BTTY tariff is therefore void as a matter of law pursuant to 49 C.F.R. 1312.4(d).

### Retroactive Voiding

██ Plaintiff claims that the BTTY tariff cannot be held void under 49 C.F.R. § 1312.-4(d) in light of the decision in *Interstate Commerce Commission v. American Trucking Assocs., Inc.*, 467 U.S. 354, 104 S.Ct. 2458, 81 L.Ed.2d 282 (1984). The Supreme Court held in *American Trucking* that 49 U.S.C. § 10762(e), which authorizes the ICC to reject a tariff if it violates statutory requirements for publishing and filing tariffs or an implementing regulation, does not bestow upon the ICC the general power to nullify effective tariffs retroactively: However, the ICC may retroactively reject effective tariffs when that remedy is necessary to achieve specific statutory goals. Plaintiff claims that voiding of the BTTY tariff would constitute a retroactive rejection of an effective tariff and that such remedy is not a justifiable adjunct to the ICC's statutory powers.

██ The ICC rejected an identical argument in *Petition of Jasper Wyman & Son, et al. re: Overland Express, Inc.*, ICC Case No. 40510, 8 I.C.C.2d 246 (1992). The ICC held that the carrier did not have an effective tariff on file since it was not a participating carrier in the HGB Mileage Guide 100 series. The debtors in this case likewise did not have an effective tariff on file during the relevant time period because they failed to participate in the governing HGB tariff. Because the BTTY tariff was not effective, *American Trucking* does not preclude a finding that the tariff is void under § 1312.4(d).

### Validity of § 1312.4(d)'s Voiding Provision

██ Arguments identical to the remaining contentions of plaintiff were presented to the ICC and rejected in *Jasper-Wyman.* The court rejects plaintiff's arguments for the same reasons stated in the ICC's opinion. The debtors failed to comply with the simple requirement that they execute a power of attorney or concurrences in order to partici-

pate in the HGB tariff. Plaintiff has presented no valid reason why the debtors' failure to comply with the applicable regulations does not void the BTTY tariff. Plaintiff's arguments that the HGB tariff gives adequate notice of the applicable mileage and that an ambiguity in mileage is acceptable cannot be reconciled with the governing regulations. Those regulations require that both the rate per mile and the number of miles be on file in order for there to be an effective mileage rate. These requirements serve the rationale of the filed rate doctrine, which is to insure that shippers have notice of the lawful rate by virtue of a proper filing (*Dan Barclay, Inc. v. Stewart & Stevenson Services, Inc.*, 761 F.Supp. 194 (D.Mass. 1990), and that carriers be precluded from discriminating against shippers by assigning preferred shippers lower mileages. *See Jasper-Wyman*, 8 I.C.C.2d 246.

### Conclusion

██ The debtors failed to participate in the HGB tariff referred to in the BTTY tariff. Therefore, the BTTY tariff is void as a matter of law under 49 C.F.R. § 1312.4(d). Plaintiff cannot collect the alleged undercharges based on the BTTY tariff.

The order of reference to the United States Magistrate Judge is hereby VACATED. Plaintiff's motion for a stay is DENIED. Defendant's motion to dismiss is DENIED. Summary judgment is GRANTED in favor of defendant.

IT IS SO ORDERED.