T.C. Memo. 2006-220

UNITED STATES TAX COURT

NELSON I. AND ESTHER S. GOODMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21917-04L.                    Filed October 23, 2006.

<u>Martin D. Tropper</u>, for petitioners.

<u>Alex Shlivko</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:    This case is before the Court
on respondent's motion for summary judgment filed pursuant to
Rule 121.  Rule references are to the Tax Court Rules of Practice
and Procedure.  Section references are to the Internal Revenue
Code of 1986 as amended.  The motion arises in the context of a
petition filed in response to a Notice of Determination

Concerning Collection Action(s) Under Section 6320 and/or 6330 that respondent sent to petitioners. At the time the petition was filed, petitioners resided in Lawrence, New York.

Background

Origin of the Tax Liability

Petitioners timely filed their Federal income tax return for 1995 without remittance. The tax shown on the return was assessed, and notice and demand was issued. The tax was paid on October 16, 1997.

The return was subsequently examined, and a deficiency in income tax was proposed. One of the issues in the examination was the treatment of certain stock as section 1244 stock. Martin D. Tropper (Mr. Tropper), pursuant to a power of attorney, was petitioners' representative in the administrative proceedings. Mr. Tropper was not, at the time, admitted to practice before the United States Tax Court.

Petitioners could not reach an agreement with the Commissioner on the proposed deficiency, and a statutory notice of deficiency was issued. Petitioners filed pro sese a petition with the Tax Court at docket No. 1262-01S for redetermination of the deficiency for 1995. Petitioners signed on February 10, 2002, a stipulated decision document in which they agreed: (1) To a deficiency of $26,955.75, (2) that they had no liability for the section 6662 accuracy-related penalty, and (3) that "interest

will be assessed as provided by law on the deficiency".  The decision was entered by the Court on February 25, 2002, and the assessment was made on July 22, 2002.

Administrative Activity

Notice and demand was issued for the deficiency assessment followed by several additional notices of tax due.  Receiving no response or payment, respondent sent to petitioners Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing.

Petitioners filed a timely Form 12153, Request for a Collection Due Process Hearing.  Attached to the Form 12153 was a statement that petitioners had not agreed to pay any interest because "there was still a question whether the Internal Revenue Service was entitled to" the deficiency.  According to the statement, petitioners agreed to pay "$26,927.67",[1] in essence, only because an Internal Revenue Agent told them that they "could work out an affordable payment schedule."  The statement cites as petitioners' objective in the section 6330 hearing the presentation to Appeals of "documentation with the view to discharge of the original assessed balance."

The Appeals officer who conducted the hearing informed petitioners that because the underlying tax liability had been

_____

[1]The actual amount to which the parties agreed was $26,955.75.

litigated, it could not be the subject of the hearing.  He also informed them that because a "collection information statement" and proposal to pay the tax were not presented, there were no collection alternatives available.

Petition

A letter with an attached document titled "NOTICE OF PETITION" was received by the Court on November 15, 2004, regarding the notice of determination received by petitioners. The letter was signed by Mr. Tropper, who was still not admitted to practice before the Tax Court.  Petitioners subsequently filed pro sese an amended petition in which they asserted that the issue is "whether a proper deduction was taken under section 1244 of the IRS Code for my taxable year 1995."

## Discussion

Respondent reasons that since the only issue that petitioners raise questions the existence and amount of the underlying tax liability, he is entitled to a ruling in his favor as a matter of law.

All of petitioners' arguments are addressed to their deficiency proceeding or to the preceding or succeeding administrative events.

Standard for Granting Summary Judgment

The standard for granting a motion for summary judgment under Rule 121 is stated in the Rule as follows:

A decision shall * * * be rendered if the pleadings,
answers to interrogatories, depositions, admissions,
and any other acceptable materials, together with the
affidavits, if any, show that there is no genuine issue
as to any material fact and that a decision may be
rendered as a matter of law. * * *  [Rule 121(b).]

The moving party has the burden of showing the absence of a genuine issue as to any material fact.  See Espinoza v. Commissioner, 78 T.C. 412, 416 (1982) (and cases cited therein).

The evidence of the nonmovant is to be considered in the light most favorable to him, and all justifiable inferences are to be drawn in his favor.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-159 (1970).  There is, however, no issue for trial unless there is sufficient evidence for the finder of fact to find in favor of the nonmoving party.  First Natl. Bank v. Cities Serv. Co., 391 U.S. 253, 288-289 (1968).  The nonmovant's evidence must be more than merely colorable.  Dombrowski v. Eastland, 387 U.S. 82, 84 (1967) (per curiam).  If the nonmovant's evidence is not significantly probative, summary judgment may be granted.  First Natl. Bank v. Cities Serv. Co., supra at 290.

Respondent argues that as a matter of law petitioners' argument concerning whether stock was section 1244 stock was a potential issue in the prior Tax Court litigation and is precluded from litigation in this case due to statutory and caselaw principles.  The Court agrees with respondent.

Res Judicata - Claim Preclusion

Petitioners are precluded by operation of the judicial doctrine of res judicata from contesting their income tax deficiency for 1995. The Supreme Court in Commissioner v. Sunnen, 333 U.S. 591, 597 (1948), summarized res judicata, also known as claim preclusion, as follows:

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac, 94 U.S. 351, 352. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. * * *

As to the application of the doctrine in the context of tax litigation the Court stated in Sunnen:

> Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. * * * [Id. at 598.]

As a general rule, where the Tax Court has entered a decision for a taxable year, both the taxpayer and the Commissioner (with certain exceptions) are barred from reopening that year. Hemmings v. Commissioner, 104 T.C. 221, 233 (1995). It has also been held that "the Tax Court's jurisdiction, once it

attaches, extends to the entire subject of the correct tax for the particular year." Erickson v. United States, 159 Ct. Cl. 202, 309 F.2d 760, 767 (1962).

An agreed or stipulated judgment is a judgment on the merits for purposes of res judicata. Baker v. IRS, 74 F.3d 906, 910 (9th Cir. 1996); accord Erickson v. United States, supra at 768; Krueger v. Commissioner, 48 T.C. 824, 828-829 (1967); see also United States v. Intl. Bldg. Co., 345 U.S. 502, 503-506 (1953) (upholding res judicata effect of stipulated Tax Court decisions).

Respondent issued to petitioners a notice of deficiency for 1995. Petitioners petitioned for redetermination, and the case was concluded without trial by entry of a stipulated decision on February 25, 2002. Petitioners, however, argue that res judicata does not apply because petitioner, Nelson Goodman, "believed that Petitioner would be entitled to a hearing by the IRS notwithstanding submissions to the Tax Court". Petitioners also allege that they were misled by an agent of respondent into thinking that the deficiency was open for further consideration; essentially they are asserting an estoppel against respondent. Petitioners have provided no authority for the proposition that mistake or estoppel is an exception to the application of res judicata.

Because the decision in petitioners' deficiency case was not appealed and has since become final, res judicata precludes petitioners from now disputing the validity of the underlying liability in this collection action.

The Court concludes that the circumstances of this case meet the prerequisites for application of res judicata and that petitioners are precluded under the doctrine from challenging their underlying liability in this proceeding.  See Newstat v. Commissioner, T.C. Memo. 2004-208.

Statutory Preclusion Under Section 6330

Res judicata is not the only rule of law precluding petitioners from contesting their deficiency here.  Section 6330(c)(2)(B) also precludes them from relitigating the underlying tax liability in this case.  A taxpayer may present at a section 6330 hearing challenges to the existence or amount of the underlying tax liability "if the person did not receive any statutory notice of deficiency for such tax liability".  Sec. 6330(c)(2)(B).

That petitioners received a notice of deficiency for 1995 is not in dispute.  Because petitioners received the notice and contested the deficiency before the Court, they cannot challenge the underlying liability in this section 6330 proceeding and are therefore, as a matter of law, precluded from raising the issue.

Respondent's Direct Communication With Petitioners

Petitioners' attorney, in petitioners' objection to respondent's motion, complains that respondent's counsel served the motion for summary judgment directly on petitioners without providing him with a copy or notice of the motion.  The issue, along with similar complaints he raised at the hearing, is irrelevant to a decision on the motion for summary judgment, and is also inappropriate.  Mr. Tropper did not enter his appearance in this case until December 28, 2005; petitioners were pro sese until that time.  The motion for summary judgment was filed November 10, 2005.  By Court Rule, papers and documents are generally served on the parties unless there is counsel of record.  Rule 21(a) and (b)(2); see also Rule 24(b).

### Conclusion

Petitioners have failed to show that there is a genuine issue of material fact for trial, and respondent's motion for summary judgment will be granted.

An appropriate order and decision will be entered granting respondent's motion for summary judgment.