NATIONAL ORGANIZATION FOR WOMEN; 51st State National Organization for Women; Maryland National Organization for Women; Virginia National Organization for Women; Planned Parenthood of Metropolitan Washington, DC, Incorporated; National Abortion Federation; Commonwealth Women's Clinic; Capitol Women's Center, Incorporated; Hillcrest Women's Surgi–Center; Metropolitan Family Planning Institute; Uptown Women's Clinic; Harold Johnson; Barbara Lofton; Cygma; Planned Parenthood of Maryland; Baltimore Women's Medical Center; Hillcrest Clinic—Baltimore; Metropolitan Family Planning; Metropolitan Family Planning Institute, I; Gynecare Center; Prince George's Reproductive Health Services; Planned Parenthood Metropolitan, Washington, Incorporated, Plaintiffs–Appellees,

v.

OPERATION RESCUE; Project Rescue; Randall Terry; Patrick Mahoney; Clifford Gannett; Michael McMonagle; Michael Bray; Jane Bray, Defendants–Appellants.

No. 94–1681.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1994.

Decided Feb. 28, 1995.

James M. Henderson, Sr., Byron J. Babione, American Center for Law & Justice, Washington, DC, for appellants. D. Jean Veta, Laurence J. Eisenstein, Covington & Burling, Washington, DC; Deborah Ellis, NOW Legal Defense & Educ. Fund, New York City, for appellees.

Before HALL and NIEMEYER, Circuit Judges, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by published per curiam opinion.

## OPINION

PER CURIAM:

Operation Rescue and several individuals connected with that organization appeal from the district court's exercise of discretion in refusing to vacate a two and one-half year old judgment, which they failed to appeal, in circumstances where the motion to vacate under Federal Rule of Civil Procedure 60(b) was filed over a year after the event giving rise to the motion. Finding that the district court did not abuse its discretion in concluding that a Rule 60(b) motion was untimely, we affirm.

In November 1990 the district court in Maryland issued a permanent injunction against Operation Rescue and several individuals, prohibiting them from blocking abortion clinics. The judgment was entered on the basis of a similar judgment entered a year earlier for similar conduct involving the same parties in the Eastern District of Virginia. The Maryland district court also found some of the defendants in contempt of court for violating a preliminary injunction entered in the case. On plaintiffs' application for attorneys fees, the district court awarded fees and costs in June 1991 in the amount of $15,832 in connection with the injunction proceeding and an additional $32,533 in connection with the contempt proceeding. The district court's judgment entering a permanent injunction, its order for contempt, and its awards of attorneys fees were not appealed.

**ARGUED:** John David Etheriedge, American Center for Law & Justice, Decatur, GA, for appellants. Rene Irene Augustine, Covington & Burling, Washington, DC, for appellees. **ON BRIEF:** Jay A. Sekulow,

Operation Rescue did, however, appeal the judgment in the Virginia case, and we affirmed. However, on January 13, 1993, the

Supreme Court reversed. *See Bray v. Alexandria Women's Health Clinic,* — U.S. —, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993). Thus, the judgment in the Eastern District of Virginia, which served as the underpinning for the Maryland judgment, was reversed.

More than a year after the Supreme Court's decision in *Bray,* Operation Rescue and other defendants filed a motion in the district court in this case for partial relief from the judgment because of the decision in *Bray* pursuant to Rules 60(b)(5) and (b)(6). They sought relief only from the $15,832 attorneys fees award attributed to plaintiff's success on the merits of the injunction claim. They did not seek to modify or vacate the permanent injunction and the finding of contempt. Nor did they seek relief from the $32,533 attorneys fees awarded in connection with the contempt proceeding.

The district court denied the defendants' motion for relief under either Rule 60(b)(5) or 60(b)(6). The court ruled that the motion was untimely because Operation Rescue and the other defendants provided no valid reason why they delayed almost a year after the decision in *Bray* before filing the motion, raising the inference that the defendants filed their motion merely to delay enforcement of the judgment (which was then being pursued in New York State). Additionally, the district court ruled that Operation Rescue's dilatory tactics, both in filing its motion for relief from the judgment and in refusing at any point to pay any part of the money judgment, gave the defendants "unclean hands," making them undeserving of the benefits of equitable relief. This appeal followed.

■■■ The power of a district court to vacate a judgment under Federal Rule of Civil Procedure 60(b) rests within the district court's equitable powers, and its decision will not be disturbed on appeal absent a showing of an abuse of discretion. *See Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 896 (4th Cir.1987). The district court's conclusion in this case that the defendants should be denied relief because they failed to take action for over a year after the *Bray* decision and then only when the plaintiffs were seeking to enforce their judgment does not constitute an abuse of the discretion. *See McLawhorn v. John W. Daniel & Co.,* 924 F.2d 535, 538 (4th Cir.1991) (delay of three to four months in bringing Rule 60(b) motion considered untimely in the absence of an explanation). This conclusion is supported additionally by the fact that the appellants deliberately elected not to appeal the original judgment, taking the risk of the result that ensued here. *See Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950) (holding that party's failure to appeal original judgment weighs heavily against party's ability to set the judgment aside at a later date under Rule 60(b)). Accordingly, we affirm the district court's order refusing to vacate the judgment.

*AFFIRMED.*