Erwin A. BURTNICK, Plaintiff–
Appellant,

v.

Jacqueline F. McLEAN; Mayor and
City Council of Baltimore,
Defendants–Appellees.

No. 95–1345.

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 28, 1995.

Decided Feb. 29, 1996.

**ARGUED:** Howard J. Schulman, Joseph Schiffer Kaufman, Schulman & Kaufman, L.L.C., Baltimore, Maryland, for Appellant. James Stewart Ruckle, Jr., Law Department, Baltimore, Maryland, for Appellees. **ON BRIEF:** Otho M. Thompson, Law Department, Baltimore, Maryland, for Appellees.

Before RUSSELL, Circuit Judge, CHAPMAN, Senior Circuit Judge, and BEATY, United States District Judge for the Middle District of North Carolina, sitting by designation.

Affirmed in part and reversed and remanded in part by published opinion. Senior Judge CHAPMAN wrote the opinion, in which Judge RUSSELL and Judge BEATY joined.

## OPINION

CHAPMAN, Senior Circuit Judge:

Plaintiff-appellant Erwin A. Burtnick ("Burtnick") brought this action against his former employers, Jacqueline McLean ("McLean"), and the Mayor and City Council of Baltimore City ("the city"), under Title VII of the Civil Rights Act of 1964, under the

Age & Discrimination Employment Act of 1967, and under 42 U.S.C. §§ 1981 and 1983 for the abridgment of his equal protection rights. Burtnick alleged that he was improperly terminated when his job was abolished by the city. Claiming legislative immunity, the defendants moved for summary judgment, and the United States District Court for the District of Maryland granted the defendants' motion. Because of this court's decision in *Berkley v. Common Council of Charleston*, 63 F.3d 295 (4th Cir.1995) (en banc), which was decided after the district court granted summary judgment, we reverse and remand as to the city and affirm as to McLean individually.

## I.

At the time of his termination on July 1, 1992, Burtnick was employed by the City of Baltimore, Maryland as Assistant Comptroller. He began working for the city on January 24, 1966, and by July, 1989, he advanced to the position of Assistant Comptroller. McLean was Comptroller of Baltimore City and Burtnick's superior. McLean is a black female, and Burtnick is a white, Jewish man over forty. Burtnick maintains that when McLean took office on December 3, 1991, she began a campaign of harassment of white, Jewish male employees in the office. This harassment included verbal abuse, threats, and public embarrassment.

On May 13, 1992, the Board of Estimates of the City of Baltimore ("the Board"), of which McLean was a voting member, made its budget recommendation to the City Council. The budget recommendation was embodied in a document titled "Fiscal 1993 Operating Plan." The City Council passed this budget as embodied in the Budget Ordinance on June 19, 1992. It was approved by the Mayor on June 30, 1992. The Board of Estimates' recommendation eliminated funding for the position of Assistant Comptroller. It also added the position of Administrative Officer III, in the Executive Direction and Control Unit of the Office of the Comptroller of Baltimore City. Burtnick asserts that the duties and responsibilities of the position of Assistant Comptroller and Administrative Officer III were essentially the same, and the elimination of his position and his employment was the intended result of this subterfuge.

On May 26, 1992, McLean told Burtnick that his position would be abolished as of July 1, 1992, based on a recommendation made in December 1991 by a nine member transitional team that reviewed the Office of the Comptroller. Burtnick was not offered the job of Administrative Officer III, nor was he placed on the eligibility list for the job. McLean hired a black, non-Jewish woman under forty to fill the position of Administrative Officer III. This woman had no prior experience in the Comptroller's Office.

The number of positions in the Executive Direction and Control Unit of the Office of the Comptroller increased from six to nine positions. The total salaries for positions immediately under the Comptroller increased from $260,927 to $336,536.

## II.

■■ This court reviews a grant or denial of summary judgment *de novo. Haavistola v. Community Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 213 (4th Cir.1993). The district court found that the summary judgment motion did not "call factual matter into triable issue," and, based on Fourth Circuit case law, the appellees were entitled to judgment as a matter of law. The district court found *Baker v. Mayor and City Council of Baltimore*, 894 F.2d 679 (4th Cir.1990), *cert. denied*, 498 U.S. 815, 111 S.Ct. 56, 112 L.Ed.2d 31 (1990), to be controlling in this case; therefore, the decision to eliminate Burtnick's position was legislative in nature and immune from suit under the legislative immunity doctrine. However, *Baker* has since been overruled by this court sitting en banc in *Berkley v. Common Council of Charleston*.

■ The court in *Berkley*, relying on *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), and *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), held that municipalities are "not immune from liability under section 1983 for the en-

actments and actions of the local legislative body." *Berkley* at 296. The court stated:

> In the course of adjudicating these various claims to immunity, the Supreme Court has left no doubt that municipalities and local governments are not entitled to immunity from suits brought under section 1983. Chief Justice Rehnquist, writing for a unanimous Court, could not have been any clearer when he observed recently [in *Leatherman* ] that "unlike various government officials, municipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983." The Chief Justice based his observation in *Leatherman* on the Court's decision in *Owen,* where, in denying municipalities a qualified immunity defense to claims brought under section 1983, the Court "held" that "municipalities have no immunity from damages liability flowing from their constitutional violations." In the face of such clear and broad pronouncements by the Supreme Court, we have little trouble concluding that a municipality is not immune from section 1983 liability for unconstitutional enactments and other legislative activities of the local legislature.

*Id.* (citations omitted) (footnote omitted). The court also stated that the extent to which *Baker* "can be read to confer legislative immunity on municipalities from suits brought under section 1983," it is overruled.* *Berkley* at 303. We hold that the city is not entitled to legislative immunity, and accordingly, the grant of the motion for summary judgment as to the city is reversed. McLean, in her individual capacity as a legislator, is still immune from suit under the legislative immunity doctrine. *Id.* at 300–02; *Bruce v. Riddle,* 631 F.2d 272, 279 (4th Cir. 1980).

■■ The court in *Berkley* recognized, but did not decide, the issue of members of the Board being entitled to a testimonial privilege:

> Under *Baker* and *Schlitz* [854 F.2d 43 (4th Cir.1988)], [the defendant's] council members may be privileged from testifying in

federal district court as to their motives in enacting legislation. Because appellants do not challenge this testimonial privilege, except to the extent that such a privilege could be interpreted to afford municipalities immunity from liability under section 1983, we do not address herein the vitality of this privilege in the wake of *Owen* and today's holding.

*Berkley,* 63 F.3d at 303 n. 9. As recognized in *Bruce,* local legislators are entitled to absolute immunity when acting in a legislative capacity. 631 F.2d at 279. Absolute immunity enables legislators to be free, not only from "the consequences of litigation's results, but also from the burden of defending themselves." *Dombrowski v. Eastland,* 387 U.S. 82, 85, 87 S.Ct. 1425, 1427, 18 L.Ed.2d 577 (1967).

■ The existence of testimonial privilege is the prevailing law in this circuit, *e.g. Holliday v. Rainey,* 964 F.2d 1441, 1443, 1445–46 (4th Cir.1992), *cert. denied,* 506 U.S. 1014, 113 S.Ct. 636, 121 L.Ed.2d 567 (1992). We find this privilege still viable. On remand, Burtnick's attempt to establish a prima facie case will have to be accomplished without the testimony of members of the Board as to their motives in abolishing Burtnick's job and establishing the new job. This privilege may be waived by the Board members. *Alexander v. Holden,* 66 F.3d 62, 68 n. 4 (4th Cir.1995).

For the foregoing reasons, the district court's grant of summary judgment is affirmed as to McLean individually, and reversed and remanded as to the City of Baltimore.

*AFFIRMED IN PART AND RE-VERSED AND REMANDED IN PART.*

---

* *Berkley* only overruled *Baker* 's holding that municipalities enjoyed legislative immunity. The court's finding in *Baker* that the Board of Esti-

mates and its members function in a legislative capacity during the budget process still stands.