**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SALATHIEL X. WRIGHT,
<u>Plaintiff-Appellant,</u>

v.

TOWN OF GLENARDEN; MORRIS A.
LEWIS, Chief of Police, Town of
Glenarden,
<u>Defendants-Appellees,</u>

No. 95-2580

and

PRINCE GEORGE'S COUNTY; FRANK W.
LYNCH, Officer, Badge #248; BRIAN
MCLAUGHLIN, Officer, Badge #237;
GEORGE SULLIVAN, Officer, Badge
#235,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-92-2836-DKC)

Argued: May 8, 1996

Decided: June 26, 1996

Before HALL and WILKINS, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Randy McRae, RANDY MCRAE & ASSOCIATES, Washington, D.C., for Appellant. Kevin Michael Murphy, CARR, GOODSON, LEE & WARNER, P.C., Washington, D.C., for Appellees. **ON BRIEF:** Samuel J. Smith, Jr., CARR, GOODSON, LEE & WARNER, P.C., Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff-Appellant, Salathiel X. Wright, brought this action after he was allegedly abused and falsely arrested by three police officers from the Town of Glenarden Police Department on April 30, 1991. Although Plaintiff's allegations are shocking, the three officers ultimately admitted that the allegations against them are true.

The issue in this appeal is municipal and supervisory liability for civil rights violations committed by individual officers of the municipal police department. The district court granted summary judgment for Defendants-Appellees, The Town of Glenarden and its former police chief, Morris Lewis, ruling that Plaintiff failed to produce sufficient evidence of policy or custom to establish municipal or supervisory liability under 42 U.S.C. § 1983 or the Maryland Declaration of Rights. Plaintiff appealed. For the reasons that follow, we affirm the district court's ruling.

I.

Plaintiff filed this action in Maryland state court on July 1, 1992, alleging various causes of action, including counts under 42 U.S.C. § 1983 for constitutional violations, as well as counts under Maryland

common-law and the Maryland Declaration of Rights. Plaintiff named as defendants the three individual police officers involved in the incident, the Town of Glenarden, Md., and then police chief, Morris A. Lewis.[1] The case was removed to federal court on October 7, 1992.

On June 7, 1993, the district court entered an order bifurcating the trial under Marryshow v. Town of Bladensburg, 139 F.R.D. 318 (D. Md. 1991), so the case against the individual active officers would be tried before the case against the Town and Chief Lewis. Plaintiff eventually reached a settlement with the individual officer defendants, who admitted violating Plaintiff's constitutional rights. Thereafter, the case proceeded against the remaining defendants, the Town and Chief Lewis.

Defendants and Plaintiff filed cross-motions for summary judgment on the issue of the liability of the Town and Chief Lewis under 42 U.S.C. § 1983 and the Maryland constitution. On August 8, 1995, the district court granted summary judgment for Defendants. The court determined that Plaintiff failed to produce sufficient evidence of policy or custom so as to establish municipal or supervisory liability. On August 18, 1995, Plaintiff filed a notice of appeal of the August 8, 1995 order.

In addition, on August 18, Plaintiff filed a motion for reconsideration and to vacate the August 8 order. Plaintiff asserted that he had received newly discovered evidence from Defendants that would support his theory of municipal liability. Apparently, the district court had referred the discovery matters in this case to a United States magistrate judge, and on July 27, 1995 the magistrate judge ordered Defendants to produce some documents that were the subject of a motion to compel previously filed by Plaintiff.

On September 25, 1995, the district court denied Plaintiff's motion to reconsider. The court refused to consider the new evidence that Plaintiff submitted with his motion to reconsider. The court based its ruling on the fact that, prior to the court's order of August 8, 1995,

_____

[1] Plaintiff initially included Prince George's County, Md. as a defendant, but on March 22, 1993, he voluntarily dismissed all claims against the county.

3

Plaintiff did not contend that he needed additional discovery to rebut the issues raised in Defendants' motion for summary judgment. Plaintiff filed an amended notice of appeal on September 28, 1995, which may be liberally construed to include the district court's order of September 25 denying Plaintiff's motion to reconsider.

Plaintiff's appeal raises three issues: (1) whether the district court erred in refusing to consider the evidence attached to Plaintiff's motion to reconsider as newly discovered evidence under Fed. R. Civ. P. 60(b); (2) whether the district court erred in finding that Plaintiff failed to produce sufficient evidence of municipal or supervisory liability under section 1983; and (3) whether the district court erred in determining that Plaintiff failed to produce sufficient evidence of municipal or supervisory liability under the Maryland Declaration of Rights. We will address these issues seriatim.

II.

Plaintiff first contends that the district court erred in refusing to review the additional evidence of municipal or supervisory liability that Plaintiff attached to his motion to reconsider.

A district court's decision about whether or not to vacate a judgment under Fed. R. Civ. P. 60(b) because of newly discovered evidence is reviewed for abuse of discretion. See National Organization for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995). The district court based its decision on Plaintiff's failure to indicate pursuant to Fed. R. Civ. P. 56(f)[2] that he needed additional discovery relating to the issues raised on the parties' cross-motions for summary

_____

**2** Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

4

judgment. The court determined that Plaintiff received the new evidence at the July 27, 1995 hearing on Plaintiff's motion to compel; however, Plaintiff never brought that new evidence to the court's attention, nor did Plaintiff advise the court of the unresolved discovery dispute, prior to the court's order of August 8, 1995. Thus, the court determined that Plaintiff was "simply too late in his assertion that this critical evidence is now available and justifies reopening the case." J.A. at 444.

Plaintiff does not address his failure to file an affidavit under Fed. R. Civ. P. 56(f) seeking a continuance to allow him to conduct whatever additional discovery he needed to adequately rebut Defendants' motion for summary judgment. This court has recognized that "[a]s a general rule, summary judgment is appropriate only after `adequate time for discovery.'" Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). However, as we recently acknowledged, "We, like other reviewing courts, place great weight on the Rule 56(f) affidavit, believing that `[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit.'" Id. (quoting Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir. 1995)). In Evans, we cited with approval the Second Circuit's holding that "`the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" Id. (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1137 (2d Cir. 1994)).

We find no abuse of discretion in the district court's refusal to consider Plaintiff's newly discovered evidence. Even if the district court erred by not considering the new evidence, such error would be harmless because, as discussed below, the new evidence is not sufficient to establish municipal or supervisory liability under section 1983.

III.

Plaintiff next contends that the district court erred in determining that he failed to produce sufficient evidence of policy or custom to hold the Town responsible for the alleged violation of his constitu-

5

tional rights. Plaintiff argues that the evidence, when viewed in the light most favorable to him, supports his allegations that the Town refused to investigate complaints of excessive force and failed to remedy incidents of excessive force; that the Town's complaint handling procedures were deficient; and that the Town failed to adequately train its officers.

We review de novo the district court's decision to grant or deny summary judgment. E.g., Burtnick v. McLean, 76 F.3d 611, 612 (4th Cir. 1996). The standards for imposing liability on a municipality under section 1983 are well settled in this circuit:"The substantive requirements for proof of municipal liability are stringent." Jordan ex rel. Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994). Of course, the basic premise is that respondeat superior is not applicable to municipalities in the context of section 1983. Municipalities may not be held liable for the constitutional torts of their officers, employees, or agents merely because of the agency relationship. Monell v. Department of Social Services, 436 U.S. 658 (1978). To establish municipal liability under section 1983, the plaintiff must prove the existence of an official policy or custom of the municipality that proximately caused the deprivation of his rights. Spell v. McDaniel, 824 F.2d 1380, 1385-87 (4th Cir. 1987), cert. denied , 484 U.S. 1027 (1988).

Municipal policies include formal and informal decisions made by municipal officials authorized to make final decisions. Id. at 1385-86. Municipal customs are established by persistent, widespread practices of municipal officials, whether specifically authorized or not, which are so permanent and well settled as to have the force of law. Id. at 1386. Such practices are attributable to a municipality when they become so frequent in occurrence that actual or constructive knowledge is imputed. Id. at 1387.

A.

Plaintiff's first allegations of municipal liability relate to the Town's alleged failure to investigate complaints, covering up of complaints, or condoning misconduct by the Town's police officers.

Condonation by municipal officials of widespread unconstitutional police misconduct can constitute a policy or custom under section

6

1983 under certain circumstances. The plaintiff must show that responsible policymakers of the municipality had actual or constructive knowledge of the misconduct, but failed, as a matter of specific intent or deliberate indifference, to stop or correct the practices. Id. at 1390-91. "Constructive knowledge may be inferred from the widespread extent of the practices, general knowledge of their existence, [or] manifest opportunities and official duty of responsible policymakers to be informed." Id. at 1391. To establish that a custom of misconduct proximately caused a particular violation, a plaintiff must show that the failure to correct the known practices made the specific violation "`almost bound to happen, sooner or later.'" Id.

After reviewing Plaintiff's complaint and the entire record on appeal in this case, we agree with the district court that there is no genuine dispute of material fact regarding constructive notice by the Town of any prior pattern of abuse by its police officers. Plaintiff's allegations are merely conclusory statements, and he fails to cite any specific evidence to support his claims. The unrebutted evidence shows that the Town had adequate procedures in place for reporting complaints, and the district court properly determined that Plaintiff failed to produce any evidence that those procedures were deficient or that they were routinely not followed.

Plaintiff argues that admissions in the releases of the individual officers support his claims against the Town and Chief Lewis. The power of the individual officers to bind the Town by their own admissions is extremely dubious. In any event, as the district court noted, Plaintiff failed to provide any affidavits or deposition excerpts from the individual officers regarding their proffered testimony. The district court properly refused to speculate about what the substance of the officers' testimony would be.

B.

Plaintiff also argues that the Town is liable for failing to adequately train its police officers.

The manner in which a municipality's police force is trained "is necessarily a matter of `policy' within the meaning of Monell." Spell, 824 F.2d at 1389. To establish a viable claim under section 1983 for

7

failure to train, a plaintiff must show that "the`municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants.'" <u>Jordan ex rel. Jordan v. Jackson</u>, 15 F.3d at 341 (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 388 (1989)). "Mere negligence is insufficient to impose section 1983 liability on a municipality for alleged failure to train." <u>Id.</u>; <u>Spell</u>, 824 F.2d at 1390. Deliberate indifference is shown only "if, `in light of the duties assigned to specific officers or employees, the need for more or different training is . . . obvious, and the inadequacy [is] . . . likely to result in the violation of constitutional rights.'" <u>Jackson</u>, 15 F.3d at 341 (quoting <u>City of Canton</u>, 489 U.S. at 390). In addition, the plaintiff must show that the inadequate training was the proximate cause of his deprivation of rights. <u>Spell</u>, 824 F.2d at 1390.

Plaintiff's allegations of the Town's failure to properly train its police officers are also nothing more than unsupported, conclusory statements. In addition, the testimony of Plaintiff's expert witness on police canine training cannot overcome Defendants' motion for summary judgment. Plaintiff's expert merely states that the training of the Town's canine unit did not meet the required standard of care. Although that opinion might support a finding of negligence, it would not support the required finding of deliberate indifference.

As Defendants contend, the unrebutted evidence in the case showed that the Town had a policy of hiring only officers who were trained in accordance with state standards and that the Town maintained a program of continuing police education.

C.

Although Plaintiff's brief on appeal does not specifically address the issue of Chief Lewis's supervisory liability, Defendant Lewis argues that Plaintiff failed to produce sufficient evidence to hold him responsible for the acts of his subordinate officers.

Supervisory personnel may be liable under section 1983 in their official capacities for civil rights violations inflicted by their subordinates under certain circumstances. However, supervisory liability only arises where "[a] supervisor's continued inaction in the face of documented widespread abuses . . . provides an independent basis for

8

finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates." <u>Slakan v. Porter</u>, 737 F.2d 368, 373 (4th Cir. 1984), <u>cert. denied</u>, 470 U.S. 1035 (1985).

The few isolated incidents of misconduct on which Plaintiff relies are not sufficient to establish supervisory liability in this action.

IV.

Finally, Plaintiff argues that the district court erred in ruling that his claims under Maryland law are examined under the same analysis as the federal claims. Plaintiff cites to <u>Clea v. Mayor & City Council of Baltimore</u>, 541 A.2d 1303 (Md. 1988), in support of his argument. However, <u>Clea</u> does not hold that claims under the Maryland Declaration of Rights should be treated differently than section 1983 claims. Accordingly, we agree with the district court's analysis on this point.

V.

For the foregoing reasons, the district court's order granting summary judgment for Defendants-Appellees is hereby

<u>AFFIRMED</u>.

9