T.C. Summary Opinion 2007-177

UNITED STATES TAX COURT

SHLOMO LIMOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7610-06S.              Filed October 22, 2007.

Shlomo Limor, pro se.

<u>Linette B. Angelastro</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code of 1986, as amended, and all

Rule references are to the Tax Court Rules of Practice and Procedure.

This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121. The motion arises in the context of a petition filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 that respondent sent to petitioner. At the time the petition was filed, petitioner resided in Tarzana, California.

Background

The parties agreed to a stipulation of facts, and petitioner provided testimony at an evidentiary hearing. The parties do not disagree on any of the material facts in this case.

Respondent examined petitioner's 2002 Federal income tax return and proposed changes. Respondent sent a statutory notice of deficiency to petitioner for 2002 on September 3, 2004. Petitioner agrees that he received a "letter" in 2004 disallowing dependency exemptions for two children. Petitioner stated that he responded to the notice of deficiency by writing a letter that he sent to "Someplace in Washington, DC", but "It was a couple of days late." Petitioner agrees that he filed an untimely petition that was dismissed by the Court.[1]

---

[1]Court records show that Shlomo Limor, in docket No. 24434-04, filed a petition on Dec. 20, 2004, that respondent moved to dismiss for lack of jurisdiction due to an untimely petition, and that the motion was granted on Apr. 1, 2005.

Respondent sent petitioner Letter 1058, Notice of Intent to Levy and Notice of Your Right to a Hearing, for 2002. Petitioner timely requested a hearing. The only issue raised in his request for a hearing was the underlying tax liability. During a telephone hearing, the Appeals officer informed petitioner that he was not allowed to raise his underlying tax liability because he had received a statutory notice of deficiency. Petitioner raised no other issue. The only issue raised by the petition in this case is petitioner's underlying tax liability.

## Discussion

Respondent reasons that since the only issue that petitioner has raised questions the underlying tax liability, respondent is entitled to a ruling in his favor as a matter of law. The Court agrees with respondent.

## Standard for Granting Summary Judgment

The standard for granting a motion for summary judgment under Rule 121 is that

> A decision shall * * * be rendered if the pleadings,
> answers to interrogatories, depositions, admissions,
> and any other acceptable materials, together with the
> affidavits, if any, show that there is no genuine issue
> as to any material fact and that a decision may be
> rendered as a matter of law. * * *  [Rule 121(b).[2]]

---

[2]Rule 121 is derived from Fed. R. Civ. P. 56. Therefore, authorities interpreting the latter will be considered by the Court in applying our Rule. Espinoza v. Commissioner, 78 T.C. 412, 415-416 (1982).

The moving party has the burden of "showing" the absence of a genuine issue as to any material fact.  See Espinoza v. Commissioner, 78 T.C. 412, 416 (1982) (and cases cited therein).

The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-159 (1970).  There is, however, no issue for trial unless there is sufficient evidence favoring the nonmoving party for the finder of fact to find in favor of the nonmoving party.  First Natl. Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-289 (1968).  The nonmovant's evidence must be more than merely colorable.  Dombrowski v. Eastland, 387 U.S. 82, 84 (1967) (per curiam).  If the nonmovant's evidence is not significantly probative, summary judgment may be granted.  First Natl. Bank of Ariz. v. Cities Serv. Co., supra at 290.  Rule 121(d) provides that when a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial."

Procedure Under Section 6330

Section 6330 entitles a taxpayer to notice of his right to request a hearing with the IRS Office of Appeals after notice of the Commissioner's intent to levy on his property and rights to property in furtherance of the collection of unpaid Federal taxes.  The taxpayer requesting the hearing may raise any relevant issue with regard to the Commissioner's intended

collection activity, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Secs. 6320(b) and (c); 6330(c); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the Appeals officer for abuse of discretion. Sego v. Commissioner, supra at 609-610; Goza v. Commissioner, supra at 181-182.

Here, petitioner received a statutory notice of deficiency for 2002. Although he filed his petition with the Court beyond the statutory period, he has not alleged or proven that the notice was not received in time for him to have filed timely. See Kuykendall v. Commissioner, 129 T.C. ___ (2007); sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. As a matter of law, petitioner is precluded from raising a challenge "to the existence or amount of the underlying tax liability". See sec. 6330(c)(2)(B).

Because petitioner raised no issue other than his underlying tax liability, which is precluded here by law, there is no material issue of fact for trial.  Respondent's motion for summary judgment will be granted.

<u>An appropriate order and decision will be entered granting respondent's motion for summary judgment</u>.